## BLOZINA v. CASTILE MINING CO.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — EVIDENCE—INFERENCES—INDUSTRIAL ACCIDENT BOARD.

On certiorari to review an award of compensation to a father for the death of a son, the inference drawn by the industrial accident board that the income from a building owned by deceased was first devoted to the charges against said building rather than to the support of plaintiff, held, justified, in the absence of proof.

2. SAME—PROOF—INCOME—EARNINGS—DEPENDENTS.

In the absence of proof, held, proper to charge against the income from the building its expenses and interest charges upon the indebtedness upon it, including that for labor and material, also all sums paid upon the mortgage; and that, if the income was exhausted by such charges and expenses, it is then obvious that plaintiff received his support from the earnings of deceased, rather than from the income from the building.

On compensation recoverable by dependent under Workmen's Compensation Acts, see notes in L. R. A. 1916A, 134, 253, and L. R. A. 1917D, 164.

3. SAME—DEPUTY COMMISSIONERS—REPORT NOT EVIDENCE.

Under 2 Comp. Laws 1915, § 5472, empowering the industrial accident board to appoint not to exceed two deputy commissioners to make investigations and report, said report is not made evidence, and it cannot be used ·as the basis of an award by said board.

4. SAME—FINDING NOT SUPPORTED BY EVIDENCE.

Where the finding of the industrial accident board that deceased had spent a certain amount during the past year in payment of a mortgage upon a building owned by him, and that therefore plaintiff was dependent upon the earnings of deceased for his support, was based solely upon a statement in the report of a deputy commissioner, said finding was not supported by any competent evidence, and cannot be sustained.

5. SAME—COMPENSATION—DEPENDENTS—EARNINGS.

Under the language used in our statute (2 Comp. Laws 1915, § 5435), compensation is awarded to one dependent upon the earnings of deceased and not upon his income from other sources.

Certiorari to Industrial Accident Board. Submitted April 15, 1920. (Docket No. 79.) Decided June 7, 1920.

Peter Blozina presented his claim for compensation against the Castile Mining Company for the accidental death of his son in defendant's employ. From an order awarding compensation, defendant brings certiorari. Reversed, and remanded.

*Belmont Waples* (*Harold J. Waples,* of counsel), for appellant.

*Fred F. Murphy,* for appellee.

FELLOWS, J. Certiorari to the industrial accident board. The case was heard on a stipulation of facts signed by the attorneys for the parties, from which it appears that Anton Blozina, son of claimant, was

an employee of defendant and met an accidental death arising out of and in the course of his employment. His wage was $4.80 per day. He contributed $45 per month to the support of claimant, who was unable to work and support himself. Deceased was the owner of a building at Caspian which rented for $45 per month; there was a mortgage upon it of $650, and there was also due for material and labor which went into its construction, $1,550. Insurance and taxes for the year prior to his death, and which were paid by him, amounted to $127.73. A deputy commissioner who had a conference with the parties prior to the submission of the matter to arbitration, with a view to adjusting the differences, made a report to the board stating that the year prior to his death deceased paid $350 on the mortgage, reducing it to the amount of $650. There was no statement of this fact in the stipulation and nothing before the board on this subject other than this report.

Defendant insisted before the board and here insists that under our statute (2 Comp. Laws 1915, § 5435), which is similar in language to the statutes of some of the States and dissimilar to others, dependents entitled to compensation under the provisions of the act are those who are dependent upon the "earnings" of the deceased employee, the language of the section being, "wholly dependent upon his earnings for support at the time of the injury," and "only partly dependent upon his earnings for support at the time of his injury." It is argued that the statute having fixed the dependency as a dependency upon "earnings" the burden rests upon claimant to show such dependency in order to entitle him to compensation, and that in the instant case he has not discharged such burden, that deceased received an income from the rent of the building in the same amount as was devoted to his father's support, and that it is conjec-

tural and speculative as to whether such support came from rent of the building or from earnings as a laborer.

The industrial accident board, without specifically deciding the question of the construction of the statute, held that it could consider the report of the deputy commissioner as evidence of the facts therein stated; and, accepting the statement that deceased paid $350 on the mortgage, inferred that the income from the building was entirely devoted to the expenses of and indebtedness on the building, and concluded that the claimant was wholly dependent upon the earnings of deceased, and awarded him the maximum.

We agree with the board that it was a proper inference to be drawn, in the absence of proof, that the income from the building was first devoted to the building. In the absence of proof, we think it proper to charge against the income from the building its expenses and interest charges upon the indebtedness upon it, including the indebtedness for labor and material, also all sums paid upon the mortgage, and if the rent from the building was exhausted by such charges and expenses, it is then obvious that claimant received his support from the earnings of deceased. The board, however, based its finding that $350 had been paid on the mortgage solely on the statement of the deputy commissioner to that effect. By section 5472, 2 Comp. Laws 1915, the board is empowered to appoint not to exceed two deputy commissioners, and the section empowers them to make investigations, etc., but the section does not make their report evidence, and it is difficult if not impossible to perceive its binding force upon either party. The statements contained in it are hearsay, and while we do not reverse for the admission of hearsay testimony, and do affirm where there is any proper testimony to support the finding notwithstanding the admission of the im-

proper evidence, where the only evidence in the record to support the finding is inadmissible hearsay evidence we are bound to say, as matter of law, that the finding is not supported by the evidence, *i. e.*, competent evidence. *Ginsberg* v. *Burroughs Adding Machine Co.*, 204 Mich. 130.

The Massachusetts act (chap. 751, Acts 1911) contains the same language as to dependency as does our act; it also contains a provision similar to the provision found in our act in section 5443, 2 Comp. Laws 1915.

In *Derinza's Case*, 229 Mass. 435 (118 N. E. 942), the supreme court of that State had under consideration the question of dependency of a wife living apart from her husband and it was there said:

"The terms of our act award compensation to those dependent upon the 'earnings' of the deceased employee, and not to those supported by him, differing thus from the statutes of some other jurisdictions. See, for example, *State, ex rel. Crookston Lumber Co.,* v. *District Court,* 131 Minn. 27 (154 N. W. 509). Therefore, in the case at bar the finding can be supported only if the wife could be found to have been totally dependent upon the earnings of her deceased husband, and not upon investments of his property. This is so, giving to 'earnings' the broadest meaning of which it reasonably is susceptible. *Jenks* v. *Dyer*, 102 Mass. 235; *Chester* v. *McDonald*, 185 Mass. 54 (69 N. E. 1075). The terms of part II, §§ 7 and 12, the latter to the effect that 'no savings or insurance of the injured employee * * * shall be taken into consideration in determining the compensation to be paid' under the act, do not modify and are not in any respect in conflict with the explicit and unequivocal provisions of part II, § 6, and part V, § 2, to the effect that dependency in case of death of an employee shall be ascertained solely with reference to the fact whether the claimants were wholly or partly 'dependent upon the earnings of the employee for support at the time of the injury.'"

210—Mich.—23.

Our attention has not been challenged to the decision of the court of last resort of any other State having similar provisions to ours nor has our investigation led us to one where a contrary doctrine has been announced. Indeed the question is not liable to arise with any degree of frequency. We are persuaded that we should follow the holding of the Massachusetts court. The language of our act expressly states "dependent upon his earnings for support." That the earnings of an employee are distinct and different from rent he receives for a building is patent. The legislature of this State saw fit to use the precise language of the Massachusetts act and to purposely use the word "earnings." We may not eliminate it from our consideration, nor modify it by some other inapplicable portion of the act. The section under consideration deals exclusively with the question of dependency and is quite complete in itself.

It follows that the award must be set aside. The case will be remanded to the industrial accident board where the parties may introduce such further proof and take such further proceedings, not inconsistent herewith, as they may be advised. This was the course pursued in *Derinza's Case, supra,* and in *Finn* v. *Railway,* 190 Mich. 112.

MOORE, C. J., and STEERE, BROOKE, STONE, and BIRD, JJ., concurred. CLARK and SHARPE, JJ., did not sit.