GREEN v. SEARS, ROEBUCK & CO.

1. WORKMEN'S COMPENSATION—REPORTS—HEARSAY.

Report of an accident may furnish competent evidence of the happening of an accident but a report expressly negativing any knowledge of an accident, except by repute or hearsay, and denying that such an accident occurred, cannot be considered *prima facie* evidence of its happening in the course of employment since it is hearsay in origin and so remains unless reported as an unqualified fact.

2. SAME—EVIDENCE OF ACCIDENT—HEARSAY—STATEMENTS OF DE-CEASED TO DOCTOR.

Statements made by deceased to doctor to whom he was referred by employer for treatment two days after alleged accident cannot· be considered probative evidence as to particulars thereof where physician was not in the employ of defendant employer.

3. SAME—EVIDENCE OF ACCIDENT—HEARSAY—STATEMENTS OF HUS-BAND TO WIFE—DEATH.

Wife's testimony as to statements by employee made to her upon his return home after ending day's work, relative to happening of accident *held*, hearsay and inadmissible whether employee was dead or alive at time of hearing.

4. SAME—INVESTIGATION BY EMPLOYER—REPORTS—PRESUMPTIONS—EVIDENCE.

Presumption that defendant employer made investigation of circumstances surrounding accident reported to defendant by employee's wife two days after its alleged occurrence and that it was a compensable injury *held*, not to exist where employer's local operating superintendent made report of accident and testified employee complained of soreness in finger in which splinter had entered but did not disclose when or where accident occurred.

5. SAME—FINDING OF DEPARTMENT—EVIDENCE.

   In proceeding by widow and minor child, as dependents, to re-
   cover compensation for death of carpenter, employed by de-
   fendant, from blood poisoning that ensued after wood sliver
   entered a finger, evidence *held*, insufficient to justify finding of
   department of labor and industry that injury claimed arose out
   of and in the course of the employment.

Appeal from Department of Labor and Industry. Submitted April 8, 1937. (Docket No. 37, Calendar No. 39,149.) Decided June 29, 1937.

Lena F. Green, widow, and her minor child presented their claim for compensation against Sears, Roebuck & Company for the death of Henry A. Green, caused by alleged accidental injuries suffered while in defendant's employ. Award to plaintiffs. Defendant appeals. Reversed.

*Daugherty, McLintock & Moule* and *J. T. Engle,* for plaintiffs.

*Miller, Bevan, Horwitz & Des Roches,* for defendant.

WIEST, J.   In February, 1935, Henry A. Green was employed by Sears, Roebuck & Company to perform carpenter work in the company store at Pontiac, and plantiffs claim that, while about such work on the 13th day of February, 1935, a wood sliver entered his left middle finger, and blood poisoning ensued, causing his death 10 days later.

Defendant prosecutes review from an award to plaintiffs, as dependents, contending there was no competent evidence supporting the finding that the injury arose out of and in the course of Mr. Green's employment. There were no witnesses to the claimed accident. The injury, in and of itself, was not severe

and Mr. Green continued to work on February 13th, and 14th, and on February 15th, stated to defendant's local superintendent that he had met with an injury. The usual report of an accidental injury was made, but there was included therein the statement:

"Employee claimed on 2/15/35 that he ran a splinter in the third finger of his left hand while at work on 2/13/35. No witnesses to accident. No previous notification or knowledge of accident by employer.

"Nature and extent of injury in detail—On 2/15/35 employee did not report for work. His wife reported by telephone that he was unable to work due to swollen hand and arm. Employer instructed employee to report to the store for medical examination and attention. The employee did so, and was turned over to Dr. Chauncey G. Burke, the company's physician, for examination and treatment. The physician found the man's finger considerably swollen and the left hand and arm somewhat swollen. Employee stated he had suffered considerable pain from the arm during the night. He then reported for the first time that he had run a sliver in his finger while at work on 2/13/35. * * *

"It is understood that this report shall not be construed as an admission that the employee was disabled or died as the result of an accident arising out of and in the course of his employment or that a compensable accident occurred within the meaning of the provisions of the workmen's compensation law.

"The employer (self-insurer) denies that any accident arising out of and in the course of the employment of the employee occurred as claimed, and denies that any compensable accident within the meaning of the workmen's compensation act occurred, and denies that the employee was disabled or died as the result of an accident arising out of and in the course of his employment."

Counsel for plaintiffs stress the report of the accident and minimize the negation therein as of no consequence.

The report of an accident may or may not furnish competent evidence of the happening of an accident, but a report expressly negativing any knowledge of an accident, except by repute or hearsay, and denying that such an accident occurred, cannot be considered *prima facie* evidence of the happening of such an accident in the course of employment. In such a case it is but hearsay in origin and so remains unless reported as an unqualified fact.

Statements made by the deceased to the doctor two days after the alleged accident as to particulars thereof cannot be considered probative evidence for the physician was not in the employ of defendant, except as particular cases were sent for his attention. What the deceased said to his wife upon his return home, after ending his day's work, relative to the happening of the accident, was hearsay and inadmissible.

"Evidence of the narrative of a past fact, to establish the existence of that fact, is inadmissible." 10 Modern American Law, p. 336.

The wife of the employee could not be called to testify to what her husband told her, if he were living, in support of his claim of an accident, and the bar is not lifted by the fact of his death.

Undoubtedly, Mr. Green suffered an accident, but it was of such a common nature that it might have happened anywhere and at any time.

The local operating superintendent made a report to defendant of the claimed accident and at the hearing was a witness and testified:

"He (Mr. Green) came into the office, he complained of soreness of his finger and on being asked what the cause of it was he said that he believed it was from a splinter ran in his finger; he didn't say where and he didn't say when."

The department held that:

"The effect of this report, inasmuch as the defendant had it within its means at that time to investigate the circumstances surrounding the accident, and must be presumed to have done so, is to establish *prima facie* an accidental injury."

The presumption could not exist in the face of the testimony.

There was no competent evidence from which a finding could be made that the injury claimed arose out of and in the course of the employment, and the finding of the department was contrary to the rules of evidence stated in *Reck* v. *Whittlesberger*, 181 Mich. 463 (Ann. Cas. 1916 C, 771); *Ginsberg* v. *Burroughs Adding Machine Co.*, 204 Mich. 130, and *Kelly* v. *Ford Motor Co., ante,* 378.

The award is vacated, with costs.

FEAD, C. J., and NORTH, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred. BUTZEL, J., did not sit.