MORRIS v GENERAL MOTORS CORPORATION

Docket No. 56636. Decided July 23, 1975.

Application for leave to appeal by Felix A. Morris from a decision of the Court of Appeals, Danhof, P. J., and Bronson, J. (O'Hara, J., dissenting), affirming denial of workmen's compensation benefits (Docket No. 19058). Reversed and remanded to the Workmen's Compensation Appeal Board for further proceedings.

57 Mich App 534; 226 NW2d 554 (1975) reversed.

EVIDENCE—EXPERIMENT—VIDEOTAPE—ADMISSIBILITY.

A videotape showing a man performing the job of a workmen's compensation claimant, to be admissible on the question whether the claimant could perform the job without deep knee bending, must depict an experiment conducted under similar conditions, which would require not only that it be the same job, but that the person performing it be of similar height and perhaps have a similar knee problem; a videotape showing a man three inches shorter performing the job, with no showing on whether even the shorter man could perform it the required number of times each day without deep knee bending, was not relevant to the question and therefore inadmissible.

*Glotta, Adelman, Dinges, Taylor, Davis & Middleton* for plaintiff.

*Richard R. Norris* for defendant.

MEMORANDUM OPINION. Felix A. Morris sought workmen's compensation from defendant in connection with what he contended was a continuing disability involving his right knee. A referee de-

REFERENCES FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 801.
Use of motion pictures as evidence. 62 ALR2d 686.
Authentication or verification of photograph as basis for introduction into evidence. 9 ALR2d 899.

nied the sought-for benefits and the Workmen's Compensation Appeal Board, over two dissents, affirmed the referee. The Court of Appeals, over a dissent by Judge O'HARA, affirmed the appeal board. 57 Mich App 534; 226 NW2d 554 (1975).

Morris now seeks leave to appeal to this Court. In lieu of leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the Court of Appeals and remand to the appeal board for further proceedings consistent with our opinion in this case.

The videotape admitted into evidence by the referee over vigorous objection should not have been admitted.

The question was whether Morris could do a tire inspection job without "deep knee bending".

Morris does not contend that *no one* can do the job without deep knee bends. For the tape to be admissible, however, it must be relevant to the question in issue—it must go to the question whether *Morris* can perform the job.

To be admissible, the tape must depict an "experiment" conducted under similar conditions, which in this case would require not only that it be the same job Morris was asked to perform, but also that the person performing it be of similar height and perhaps have a similar knee problem.

The tape showed that a man 5'10" can inspect three sets of tires without doing deep knee bends. Apparently some 520 sets must be checked by one man each day. The tape does not show whether even the 5'10" man can do all 520 without deep knee bending. More to the point, Morris was not 5'10" but 6'1" in height.

We remand for a new hearing by a referee (administrative law judge) who has not viewed the now-excluded videotape.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, M. S. COLEMAN, J. W. FITZGERALD, and LINDEMER, JJ., concurred.

SWAINSON, J., took no part in the decision of this case.