HAWLEY v GENERAL MOTORS CORPORATION, TERNSTEDT
DIVISION

1. WORKMEN'S COMPENSATION—APPEAL BOARD DECISIONS—REVIEW—
   ERRORS OF LAW—FINDINGS OF FACT—FRAUD—CONCLUSIVENESS.
   Appellate review of Workmen's Compensation Appeal Board
   decisions is limited to determining whether errors of law have
   been committed; in the absence of fraud the board's findings of
   fact are conclusive.

2. WORKMEN'S COMPENSATION—APPEAL BOARD—EVIDENCE—STAN-
   DARDS OF ADMISSION—HEARSAY—PRESERVING QUESTION.
   The Workmen's Compensation Appeal Board may consider any
   competent evidence relevant and material to matters in issue
   and is not subject to the same standards applicable in trial
   courts; hearsay evidence is usually inadmissible in compensa-
   tion proceedings but the use of such evidence will generally not
   require reversal on appeal, especially where no objection is
   raised to its admission at the hearing where the matter could
   have been easily adjudicated by the board.

Appeal from the Workmen's Compensation Ap-
peal Board. Submitted November 12, 1975, at De-
troit. (Docket No. 22753.) Decided January 27,
1976. Leave to appeal denied, 397 Mich —.

Petition by General Motors Corporation for ces-
sation of workmen's compensation benefits to Jose-
phine E. Hawley because of refusal to engage in
favored work. Cessation of benefits granted. Jose-
phine Hawley appeals by leave granted. Affirmed.

*Manason, Ernstein, Hurwitz & Karp, P. C.,* for
plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 530.
[2] 58 Am Jur, Workmen's Compensation § 445.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Edward K. Pedersen, Jr.* and *Jeannette A. Paskin)*, for defendant.

Before: DANHOF, P. J., and McGREGOR and N. J. KAUFMAN, JJ.

PER CURIAM. Plaintiff appeals, by leave granted December 19, 1974, from a Workmen's Compensation Appeal Board (WCAB) decision which, in affirming a referee's decision, ordered the cessation of compensation to plaintiff.

Plaintiff had been receiving compensation for a work-related back injury pursuant to a June 29, 1970, award. On March 5, 1973, defendant filed a petition to stop compensation in which it alleged that plaintiff had been given "favored work" but, after two days on the job, had refused to return to work.

The favored work which defendant had assigned to plaintiff was that of a light machine operator. At the hearing before the referee, plaintiff claimed that her injury prevented her from performing this job. She stated that having to sit all day caused pressure on her hips which, in turn, resulted in leg spasms.

At the hearing, the referee viewed a demonstration film showing how a light machine operator's job was performed.[1] Plaintiff agreed that the film showed the way that the job was done, but she did not agree that it fully showed the difficulties entailed in the job. For example, plaintiff maintained that bending and reaching were definitely involved, but the film did not accurately depict these

---

[1] Because it was not raised by the parties, nor did we grant leave on it, we do not consider any evidentiary difficulties with this film. We note, however, possible application of *Morris v General Motors Corp,* 394 Mich 453; 231 NW2d 646 (1975).

activities. This testimony was corroborated by the testimony of a Mr. Labadie who is plant chairman and union representative. Plaintiff asserted that she could not, without pain, do the bending required by the job. She further testified that after working for two days, she got spasms in her legs and that she now takes muscle relaxer medication. While at work during the two days she had to lie down because of the pain. Plaintiff also indicated that, because she could not park closer to the plant, she was forced to walk a mile over rough terrain each morning. This walk aggravated her condition.

In a deposition, Dr. Porretta, a physician who had treated plaintiff for a number of years, testified that it was his opinion that plaintiff "could do light work which did not require excessive reaching or bending or lifting". Further, after viewing the demonstration film he opined that the plaintiff should have been able to do the work. Dr. Porretta also testified that the work involved movements which were identical to the therapeutic exercise he had prescribed for the plaintiff and that he could not think of a better activity in which she might engage as therapy for her back.

To contradict Dr. Porretta, in addition to her own testimony, plaintiff presented a deposition from Dr. Max Newman who testified that, in his opinion, plaintiff could not perform the work properly. Dr. Newman testified that he had not seen the plaintiff on the job she had been offered, nor had he seen the video tape of the job.

The referee's decision stated in pertinent part:

"It is found that the offer of employment by defendant is reasonable and that the work should be within plaintiff's capacity. * * * There is no contention that

plaintiff has recovered from disability and the proffered employment is based thereon; she continues to be partially disabled and is entitled to any benefits which might continue to be payable as a result thereof. *This decision is predicated upon and conditioned on defendant's providing assigned parking space for plaintiff.*" (Emphasis supplied.)

On March 5, 1974, defendant offered plaintiff nearby, assigned parking by letter of that date.

The appeal board, in a split decision, found that there was substantial evidence in the record to support a finding that plaintiff could perform the work proffered by defendant. The majority found it important that the referee had gone to the plant to visit and observe the actual operation of the machine in question. Having themselves viewed the video tape showing the actual operation of the machine, they opined that plaintiff's complaints about having to bend down either to push the button or to reach for stock were unjustified.

The appeal board rejected the testimony of Dr. Max Newman, the physician who testified on behalf of plaintiff. They found much more persuasive the testimony of Dr. Porretta who was, for a substantial period of time, plaintiff's treating physician. It was also regarded as significant by the WCAB majority that Dr. Porretta saw the video tape and felt that plaintiff could perform the work.

The WCAB also noted that the referee had conditioned his award upon defendant furnishing plaintiff with a parking space close to the building in which she would work. The appeal board found that this had been done in a letter from defendant to plaintiff dated March 5, 1974, which complied with the outstanding order of the hearing referee dated January 25, 1974. As a result, the termination was made effective March 5, 1974, the date

upon which defendant formally by letter offered to plaintiff her parking space, one near the plant.

Our granting of leave was limited to consideration of one issue: whether the WCAB reversibly erred in deciding that plaintiff's refusal of defendant's offer of favored work, conditioned upon the availability of a parking place, was not justified. This issue contains two elements: (1) the validity of the WCAB decision on compensation, and (2) whether the WCAB's use of defendant's letter regarding her parking space erroneously took from plaintiff her right to cross-examine evidence.

Our review of WCAB decisions is limited to determining if errors of law have been committed. In the absence of fraud, WCAB findings of fact are conclusive. Const 1963, art 6, § 28, MCLA 418.861; MSA 17.237(861). We must affirm WCAB findings if there is any evidence on the record to sustain them. *Carter v Kelsey-Hayes Co,* 386 Mich 610; 194 NW2d 326 (1972), *Moore v Gundelfinger,* 56 Mich App 73; 223 NW2d 643 (1974). In the instant case, we find significant evidence which is, in the wording of Const 1963, art 6, § 28, "competent, material and substantial" to support the WCAB decision. The opinion of the physician who had treated plaintiff for an extended period, the referee's visit to plaintiff's plant, the WCAB's review of the video tape depiction of plaintiff's job and the board's expertise all support its decision. We affirm it.

Plaintiff's contention that the WCAB's acceptance of defendant's letter regarding the offer of parking space would have presented a more substantial claim had plaintiff adequately preserved it. The letter was clearly hearsay evidence. In general, the WCAB may consider any competent evidence relevant and material to matters in issue.

While the admissibility of evidence is not determined with reference to the standards applicable in trial courts, hearsay has been usually held inadmissible in compensation proceedings. See *e.g. Reck v Whittlesberger,* 181 Mich 463; 148 NW 247 (1914), *Ginsberg v Burroughs Adding Machine Co,* 204 Mich 130; 170 NW 15 (1918), *Kadykowski v Briggs Manufacturing Co,* 304 Mich 503; 8 NW2d 154 (1943), and *Meyers v Chris-Craft Corp,* 379 Mich 552; 153 NW2d 657 (1967). Although hearsay evidence is considered inadmissible, under the so-called "legal residuum" rule, the use of such evidence will generally not require reversal. This rule was concisely stated by the Supreme Court in *Blozina v Castile Mining Co,* 210 Mich 349, 352–353; 178 NW 57 (1920):

"while we do not reverse for the admission of hearsay testimony, and do affirm where there is any proper testimony to support the finding notwithstanding the admission of the improper evidence, where the only evidence in the record to support the finding is inadmissible hearsay evidence we are bound to say, as matter of law, that the finding is not supported by the evidence, *i.e.,* competent evidence." (Citations omitted.)

If it could be argued in the instant case that the referee's order which the WCAB affirmed was absolutely conditioned on defendant's securing plaintiff parking space, plaintiff might have a meritorious claim. Plaintiff might then contend that the satisfaction of this condition was supported only by incompetent evidence. However, any claim that plaintiff might have had, she failed to preserve. As defendant notes, plaintiff did not object to the admission of such testimony or file a motion for additional testimony. The challenged letter was sent prior to the WCAB hearing, and

plaintiff should have known it would be in evidence at that hearing. As such, her claim cannot be considered here. *Cotton v Campbell, Wyant & Cannon Foundry, Division of Textron Inc,* 57 Mich App 52; 225 NW2d 187 (1974). By raising an objection, the issue of whether the parking space had been provided and, if so, whether it was adequate could have been easily adjudicated by the WCAB. Thus, we will not consider the claim.

Affirmed. Costs to defendant.