HOLFORD v GENERAL MOTORS CORPORATION

Docket No. 52210. Submitted February 4, 1982, at Lansing.—Decided
May 20, 1982. Leave to appeal applied for.

Plaintiff Lillian R. Holford, by leave granted, appeals a decision
of the Workers' Compensation Appeal Board (WCAB) reversing
an administrative law judge's award of workers' compensation
benefits to her for a disability which arose in the course of her
employment with defendant General Motors Corporation. The
reversal was based on the board's determination that the
administrative law judge had erred in admitting hearsay testi-
mony to establish plaintiff's history of work-related injuries.
*Held:*

1. The WCAB erred in reversing plaintiff's award of benefits.
The hearing testimony relating to plaintiff's history of work-
related injuries was properly considered by the administrative
law judge since the defendant failed to object to the testimony.

2. MRE 803(4), regarding statements made for purposes of
medical treatment or medical diagnosis in connection with
treatment, hereafter applies to workers' compensation proceed-
ings.

Reversed and remanded.

1. WORKERS' COMPENSATION — EVIDENCE — HEARSAY — APPEAL.

Hearsay testimony is usually inadmissible in workers' compensa-
tion proceedings; however, the admission of such testimony
does not require reversal where there is any proper testimony
to support the finding; where the only evidence in the record to
support the finding is inadmissible hearsay evidence, as a
matter of law, the finding is not supported by competent
evidence and reversal is required.

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation §§ 524, 536.
[2] 29 Am Jur 2d, Evidence § 494.
   30 Am Jur 2d, Evidence § 1103.
   Consideration, in determining facts, of inadmissible hearsay evi-
   dence introduced without objection. 79 ALR2d 890.
[3] 82 Am Jur 2d, Workmen's Compensation § 524 *et seq.*
[4] 82 Am Jur 2d, Workmen's Compensation § 523.

2. TRIAL — EVIDENCE — HEARSAY.

The general rule is that hearsay evidence admitted without objection is proper for consideration by the trier of facts.

3. WORKERS' COMPENSATION — HEARSAY — EVIDENCE — RULES OF EVIDENCE.

The rule of evidence pertaining to a hearsay exception for statements made for the purpose of medical treatment or medical diagnosis in connection with treatment is applicable to workers' compensation proceedings (MRE 803[4]).

4. WORKERS' COMPENSATION — EVIDENCE.

Workers' compensation boards, commissions and officers ordinarily need not observe the same technical rules regarding the admissibility of evidence as do trial courts; however, the testimony should not be wholly incompetent, must have some relevancy to the question in issue and must have some probative value toward the establishment of the principal fact.

*Charles K. Higle,* for plaintiff.

*Munroe & Nobach, P.C.* (by *Richard R. Weiser*), for defendant.

Before: BEASLEY, P.J., and T. M. BURNS and E. A. QUINNELL,* JJ.

PER CURIAM. Plaintiff, Lillian R. Holford, appeals by leave granted from a denial of compensation benefits by the Workers' Compensation Appeal Board (WCAB) which reversed an earlier award of workers' compensation benefits by an administrative law judge.

At a hearing conducted on November 11, 1977, the administrative law judge found that plaintiff, an employee of General Motors Corporation from 1954 to 1972, was entitled to compensation benefits because of a disability arising in the course of her employment. In reversing the holding of the administrative law judge, the WCAB, in its controlling opinion, found that plaintiff did not establish

* Circuit judge, sitting on the Court of Appeals by assignment.

a sufficient causal nexus between her employment and disability.

The board based its decision on plaintiff's failure to offer admissible testimony at the hearing concerning her work-related injuries. The problem in this case is that in the hearing before the administrative law judge plaintiff neglected to make a showing by her own testimony of her various on-the-job injuries.[1] However, plaintiff presented evidence of her alleged on-the-job injuries through the depositions of her physician and her chiropractor. They testified that in taking her medical history she told them of her work-related injuries.

In terminating the award of benefits, the WCAB held that the hearsay testimony of plaintiff's doctor and chiropractor was not admissible in evidence and could not be considered in the determination of plaintiff's claim.

Generally, workers' compensation appeal boards are not required to adhere to the same technical rules that are applicable to jury trials.[2] While hearsay evidence usually is held inadmissible in compensation proceedings, the use of such evidence will not require reversal under the "legal residuum" rule, as delineated in *Blozina v Castile Mining Co:*[3]

"The statements contained in it are hearsay, and while we do not reverse for the admission of hearsay testimony, and do affirm where there is any proper

---

[1] Between 1956 and 1970, plaintiff claimed at least five injuries that could be claimed to be back-related. She claimed she was wearing a back brace and was unable to work before the automobile accident of February 21, 1971.

[2] 82 Am Jur 2d, Workmen's Compensation, § 523, pp 265-266; *Reck v Whittlesberger,* 181 Mich 463; 148 NW 247 (1914); *Blozina v Castile Mining Co,* 210 Mich 349; 178 NW 57 (1920).

[3] *Blozina, supra,* 352-353. See, also, 3 Larson, Workmen's Compensation, § 79.30, pp 15-235–15-237.

testimony to support the finding notwithstanding the admission of the improper evidence, where the only evidence in the record to support the finding is inadmissible hearsay evidence we are bound to say, as matter of law, that the finding is not supported by the evidence, *i.e.,* competent evidence. *Ginsberg v Burroughs Adding Machine Co,* 204 Mich 130 [170 NW 15 (1918)]."

In the matter at bar, the record reflects that defendant failed to object to the hearsay testimony of plaintiff's doctor and chiropractor. If defendant had objected to their testimony, plaintiff might have testified to a chronicle of her work-related injuries. The general rule is that hearsay evidence admitted without objection is proper for consideration by the trier of facts.[4]

Accordingly, we conclude that the WCAB erred, as a matter of law, in vacating plaintiff's award of benefits, as plaintiff's history of work-related injuries was properly considered by the administrative law judge owing to defendant's failure to object to the testimony.[5]

We note that the hearing before the administrative law judge on the matter at bar occurred prior to March 1, 1978, the effective date of the Michigan Rules of Evidence.[6] Thus, a determination of whether the MRE are applicable to workers' compensation proceedings could be said to be unnecessary to disposition of this appeal.

However, we believe it is time to announce that in the future we will hold MRE 803(4) applicable to workers' compensation proceedings. Rule 803(4)

---

[4] *Stone v Posen,* 310 Mich 712; 17 NW2d 870 (1945); 79 ALR2d 890, 897; *August v Dep't of Motor Vehicles,* 264 Cal App 2d 52; 70 Cal Rptr 172 (1968); 1 Wigmore, Evidence (3d ed), § 18, p 321.

[5] See, *e.g., Hawley v General Motors Corp, Turnstead Division,* 67 Mich App 114, 119-120; 240 NW2d 290 (1976).

[6] MRE 101; *Reid v A H Robins Co,* 92 Mich App 140, 143; 285 NW2d 60 (1979).

provides that the following is not excluded by the hearsay rule:

"(4) *Statements made for purposes of medical treatment or medical diagnosis in connection with treatment.* Statements made for purposes of medical treatment or medical diagnosis in connection with treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably necessary to such diagnosis and treatment."

The committee's comments to the original proposed MRE 803(4) reflect that Rule 803(4) is inconsistent with prior Michigan law:

"MRE 803(4) is inconsistent with prior Michigan law which excluded declarations of past physical conditions or the cause of past or present physical conditions. * * * Prior Michigan law did permit proof of declarations of present physical condition regardless of the purpose for making such declarations, unless they were made to a physician seen for the purposes of litigation. In *Norris v Detroit R Co,* 185 Mich 264; 151 NW 747 (1915), the court held it was error to permit a physician consulted for litigation purposes to testify that the patient flinched upon application of pressure to her ankle. See Committee Note to MRE 803(3)." (Citations omitted.)[7]

What exists at first blush is an anomalous situation where the board is applying a higher standard of admissibility than would pertain to courts:

"Ordinarily, compensation boards, commissions, and

---

[7] Michigan Court Rules Annotated, Evidence Rules (West, 1979), pp 674-675.

officers are not held to the observance of the same technical rules with respect to the admissibility of evidence which prevail in trials before courts proper. However, the testimony should not be wholly incompetent, and must have some relevancy to the question in issue and some probative value toward the establishment of the principal fact." (Footnotes omitted.)[8]

The first problem in applying MRE 803(4), or any of the other rules contained in the MRE, is MRE 1101, which states that the rules are applicable to "all actions and proceedings in the courts of this state".[9] But, if the board and workers' compensation referees are not to use the adopted rules of evidence, what source shall they look to for rulings on matters of evidence?

This specific provision of MRE 803(4) dealing with medical histories is of particular importance in light of the large number of workers' compensation cases which involve issues and evidence in great part depending upon medical testimony.

While we are not yet prepared to hold in favor of a blanket application of all of the MRE to workers' compensation proceedings,[10] we see no basic reason to deny application of a particular rule of evidence such as MRE 803(4) to workers' compensation proceedings when there is good reason to do so.

In conclusion, we reverse the decision of the Workers' Compensation Appeal Board and remand this cause for determination of benefits in accordance with this opinion.

Reversed and remanded.

---

[8] 82 Am Jur 2d, Workmen's Compensation, § 523, p 265.

[9] Also, see DCR 11 and PCR 11 which limit their application to district court and probate court, respectively.

[10] Such action should come from the Supreme Court if deemed advisable.