CARLISLE v GENERAL MOTORS CORPORATION

Docket No. 61937. Submitted January 10, 1983, at Lansing.—Decided April 25, 1983.

Angelia K. Carlisle, an employee of General Motors Corporation, filed a petition for hearing with the Bureau of Workers' Disability Compensation, alleging a physical and psychological disability. A hearing referee awarded compensation benefits to Carlisle, finding that she had proven that she suffered from a continuing, compensable disability to her right arm and a continuing, compensable emotional disability which had been repeatedly aggravated by her employment. General Motors appealed to the Workers' Compensation Appeal Board, which reversed the referee's decision by a two-to-one vote. Carlisle applied to the Court of Appeals for leave to appeal. Leave was granted. *Held:*

1. The hearing referee did not err in excluding a medical report, and Carlisle's argument that the report should have been admitted for impeachment purposes is meritless. The report was properly excluded.

2. Carlisle's argument that the Workers' Compensation Appeal Board erred when it ignored her testimony that she was disabled because of a right arm injury is rejected. The board did not ignore the testimony but, rather, found it was insufficient to establish that Carlisle was disabled due to an injury or injuries to her right arm. The board's decision as to Carlisle's claim of physical disability is affirmed.

3. The appeal board failed to properly apply the test for claims of psychological disability, and the lack of findings regarding the elements of the test clearly hampers review of the board's decision. The case is remanded with directions that the board make findings as to each element of the test.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 524.

Hearsay evidence in proceedings before state administrative agencies. 36 ALR3d 12.

[2] 29 Am Jur 2d, Evidence §§ 493, 496, 497.

1. Workers' Compensation — Evidence — Hearsay.

    Workers' Compensation tribunals, while generally not required to follow the same technical evidentiary rules that apply to jury trials, generally find hearsay evidence to be inadmissible.

2. Evidence — Physicians and Surgeons — Hearsay.

    A physician's report is hearsay unless it falls into an exception or exclusion to the hearsay rules, and before such a report can be admitted into evidence, the parties must be accorded the right to cross-examine the maker of the report unless such right is waived.

*MacDonald, FitzGerald & MacDonald, P.C.* (by *R. Duncan MacDonald*), for plaintiff.

*Munroe & Nobach, P.C.* (by *Richard R. Weiser*), for defendant.

Before: D. E. Holbrook, Jr., P.J., and Cynar and H. W. Moes,* JJ.

Per Curiam. Plaintiff appeals by leave granted from a Workers' Compensation Appeal Board (WCAB) decision which reversed a hearing referee's award of compensation benefits to plaintiff.

On July 7, 1978, plaintiff filed a petition for hearing with the Bureau of Workers' Disability Compensation, alleging a physical and psychological disability. A hearing was held on her petition on April 17, 1979. The referee found that plaintiff had proven that she suffered from a continuing, compensable disability to her right upper extremity and a continuing, compensable emotional disability which had been repeatedly aggravated by her employment.

Defendant appealed the referee's decision, and the WCAB, by a two-to-one majority, reversed the decision, finding that plaintiff failed to prove her claims by a preponderance of the evidence. Plain-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

tiff applied to this Court for leave to appeal the WCAB's decision. Leave to appeal was granted by this Court in an order dated March 15, 1982.

Plaintiff first contends that the referee erred in excluding a medical report. We disagree. Workers' compensation tribunals are generally not required to follow the same technical evidentiary rules that apply to jury trials. *Blozina v Castile Mining Co,* 210 Mich 349; 178 NW 57 (1920); *Holford v General Motors Corp,* 116 Mich App 488, 490; 323 NW2d 454 (1982). However, while the admissibility of evidence is not determined with reference to standards applicable to trials, hearsay is generally held inadmissible in compensation proceedings. See, *e.g., Reck v Whittlesberger,* 181 Mich 463; 148 NW 247 (1914); *Holford, supra,* p 491; *Hawley v General Motors Corp,* 67 Mich App 114, 118-119; 240 NW2d 290 (1976), *lv den* 397 Mich 818 (1976).

A physician's report is hearsay unless it falls into an exception or exclusion to the hearsay rules. *Jackson v Depco Equipment Co,* 115 Mich App 570, 579; 321 NW2d 736 (1982). Before such report can be admitted into evidence, the parties must be accorded the right to cross-examine the maker of the report unless such right is waived. *Beeler v General Motors Corp,* 32 Mich App 661, 663; 189 NW2d 64 (1971).

There has been no showing that defendant waived its right to cross-examine the doctor who made the report. The fact that defendant had scheduled the doctor's deposition and then canceled it before the hearing cannot be construed as a waiver of such right because there is no indication in the record that defendant had notice prior to the cancellation of the deposition that plaintiff would rely on the report at the hearing.

Plaintiff argues that the report should have been

admitted for impeachment purposes. Plaintiff contends that the report would have made certain testimony by defendant's compensation claims adjustor as to why plaintiff's compensation benefits were terminated less credible. This argument is meritless. The claims adjustor testified that she recommended that plaintiff's claim for compensation benefits be terminated in May, 1978, well before she received the report in question. The report had no impeachment value and, contrary to plaintiff's arguments, no relevance concerning the claims adjustor's state of mind when she denied plaintiff's claim for compensation benefits. The report was, therefore, properly excluded.

We also reject plaintiff's arguments that the WCAB erred when it ignored plaintiff's testimony that she was disabled because of a right arm injury. See *Kostamo v Marquette Iron Mining Co*, 405 Mich 105; 274 NW2d 411 (1979). It is clear from the record that the WCAB did not ignore plaintiff's testimony but merely found that it was insufficient to establish that she was disabled due to an injury or injuries to her right arm. The WCAB's factual finding that plaintiff failed to prove a right arm disability is supported by competent evidence, the most important of which is the fact that she worked following the injuries to her wrist and elbow. Accordingly, the WCAB's decision as to plaintiff's claim of physical disability is affirmed. *Aquilina v General Motors Corp*, 403 Mich 206, 212; 267 NW2d 923 (1978).

We do, however, agree with plaintiff's argument that the WCAB failed to properly apply the test for claims of psychological disability as set forth in *Deziel v Difco Laboratories, Inc*, 394 Mich 466; 232 NW2d 146 (1975), and *Deziel v Difco Laboratories, Inc (After Remand)*, 403 Mich 1; 268 NW2d 1

(1978). Although the latter opinion was cited in the opening paragraph of the WCAB's majority opinion, there was no discussion in the majority opinion of the *Deziel* test or any findings made in regard thereto. The lack of findings regarding the elements of the test clearly hampers this Court's review of the WCAB's decision. Although the majority appears to hold that plaintiff failed to satisfy the third part of the test, there was no discussion or findings made as to whether plaintiff honestly perceived that a personal injury, incurred during the course of her employment, caused her disability. Because the WCAB did not properly apply the *Deziel* test, the case is remanded with directions that the WCAB make findings as to each element of the test.

Reversed and remanded.