COOLEY v FORD MOTOR COMPANY

Docket No. 101583. Submitted June 20, 1988, at Detroit. Decided August 31, 1988.

Ronald Cooley died as a result of cardiac arrest apparently brought on by a massive pulmonary embolus following a two-month hospitalization for a berry aneurysm. Cooley's wife, Kandice Arledge, sought workers' disability compensation benefits from Cooley's employer, Ford Motor Company, on the basis that the berry aneurysm which precipitated the events leading to Cooley's death resulted from a head trauma suffered while Cooley was in the course of his employment. Medical testimony supported the conclusion that a rupture of a berry aneurysm could occur as the result of a head trauma; however, the only evidence linking any head trauma to the work environment was Arledge's statement at the time of Cooley's admission to the hospital that her husband had come home complaining of a headache and had indicated that he had hit his head at work. The hearing officer denied benefits on the basis of Arledge's failure to sustain her burden of showing that Cooley's death arose out of or in the course of his employment. Arledge appealed to the Workers' Compensation Appeal Board, which reversed the hearing officer's determination and granted benefits. Ford Motor Company appealed by leave granted.

The Court of Appeals *held:*

While the hearsay statement that decedent had indicated that he had suffered a head trauma would be admissible under the exception to the hearsay rule permitting statements relating to a present physical condition necessary for a medical diagnosis, the portion of that statement relative to the manner in which he suffered that trauma was not necessary to the medical diagnosis and, thus, was not subject to the exception to the hearsay rule. Accordingly, the hearsay testimony that the

REFERENCES

Am Jur 2d, Evidence §§ 683-686; Workmen's Compensation §§ 533, 536.

Admissibility of statements made for purposes of medical diagnosis or treatment as hearsay exception under Rule 803(4) of Federal Rules of Evidence. 55 ALR Fed 689.

injury occurred at work was inadmissible. Without that testimony there was no evidence linking decedent's death to an injury in the workplace. The Appeal Board erred in overturning the hearing officer's determination.

Reversed.

1. EVIDENCE — HEARSAY.

Hearsay statements made by a deceased individual to his wife prior to his death that he had a headache and that the headache might be the result of a head trauma are properly admissible under the existing physical condition exception to the hearsay rule; however, since hearsay statements to the effect that the head trauma occurred in the course of employment are medically irrelevant, statements relating to the cause of the head trauma are not admissible into evidence as exceptions to the hearsay rule.

2. WORKERS' COMPENSATION — EVIDENCE — HEARSAY.

It is error mandating reversal for the Workers' Compensation Appeal Board to award disability compensation benefits where the only evidence connecting the death of an employee to an act occurring in the course of the employee's employment is the inadmissible hearsay statements of the employee that he suffered a trauma in the course of his employment.

*Randall Wilson,* for plaintiff.

*Michael E. Padden,* and *Conklin, Benham, Ducey, Ottaway, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), of Counsel, for defendant.

Before: CYNAR, P.J., and SULLIVAN and J. R. ERNST,* JJ.

PER CURIAM. Defendant appeals by leave granted from a Workers' Compensation Appeal Board decision which reversed a hearing officer's finding and concluded that Ronald Cooley's death was precipitated by a work-related injury. We reverse.

Plaintiff Kandice Arledge was married to plaintiff Ronald Cooley from 1968 until his death in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

1974. At all times relevant to this case, Cooley was an employee of Ford Motor Company. The genesis of this action arose out of an attempt to claim benefits as a result of a head injury sustained by Cooley which allegedly occurred during work while he was attempting to pick up tools and which subsequently resulted in death.

Cooley was diagnosed as having an anterior communicating artery aneurysm (berry aneurysm) with subarachnoid hemorrhage and communicating hydrocephalus. Berry aneurysms in the head are usually due to a congenital weakness in the blood vessels. After approximately two months of hospitalization for treatment, Cooley suffered an apparent massive pulmonary embolus on April 17, 1974, which resulted in cardiac arrest. Resuscitative efforts were unsuccessful.

When admitted to the hospital, Cooley was unable to provide a medical history for his treating physicians owing to the effects of increased intracranial pressure and thus this information was given by Arledge. Arledge advised the treating physician that Cooley returned home from work the day of February 13, 1974, and complained of a headache. She also noted that he had mentioned the fact that he had hit his head against a machine at work when he bent over to pick up a tool. The following day, Cooley went to work at his regular time. However, he returned home early still complaining of a headache. That night, Cooley was incoherent and began exhibiting bizarre behavior which prompted Arledge to call the EMS. Cooley was taken to an area hospital and later that day sent to the University of Michigan Hospital where he subsequently died.

At the proceeding before the hearing officer, each side presented one medical expert to testify on its behalf. Plaintiffs' expert, Cooley's treating

physician at University of Michigan Hospital, opined that trauma, and sometimes essentially an insignificant trauma, can trigger rupture of an aneurysm. Here, given the history of trauma to Cooley's head, she believed, with a high degree of probability, that the trauma could have resulted in the rupture.

As expected, defendant's expert presented an opposing view. He opined that, because of the physiological structure of the brain, trauma, except in the most severe cases, would not precipitate rupture.

The hearing officer denied compensation benefits, finding that plaintiff Arledge had failed to sustain her burden that the condition(s) that resulted in Cooley's death arose out of or in the course of his employment. In spite of these findings the Appeal Board, finding Arledge's expert more satisfactory, reversed the determination of the hearing officer. Defendant appealed.

On appeal, defendant presents two interrelated issues which are framed as follows: Whether the statement made by Cooley to Arledge concerning the occurrence of a specific personal injury at work was properly admitted under the "existing mental-physical-condition" exception to the hearsay rule; and whether the statements by Arledge to the physicians at the hospitals reciting the earlier statement by Cooley were properly admitted under the "medical treatment-medical diagnosis" exception to the hearsay rule. By way of background, the Appeal Board found Cooley's statement to Arledge with respect to the origin of his headache admissible under MRE 803(3) and Arledge's statements to treating physicians admissible under MRE 803(4).

We initially note that we find no merit to plaintiffs' claim that defendant failed to preserve the

admissibility issue for appellate review. Addressing the latter issue first, MRE 803(4), which is applicable to workers' compensation proceedings, *Holford v General Motors Corp,* 116 Mich App 488, 491; 323 NW2d 454 (1982), lv den 417 Mich 950 (1983), excepts from the hearsay rule:

> Statements made for purposes of medical treatment or medical diagnosis in connection with treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably necessary to such diagnosis and treatment.

Here, we have a situation of multiple hearsay or "hearsay within hearsay." The statements provided to Arledge by Cooley were hearsay, MRE 801(a), and must be admissible in order to make Arledge's medical history statement admissible. MRE 805. In other words, in order for such hearsay within hearsay to be admissible, each part of the combined statement must conform with an exception to the hearsay rule. *Hewitt v Grand Trunk W R Co,* 123 Mich App 309, 315-316; 333 NW2d 264 (1983). Thus, we must examine the statement made by Cooley to Arledge and determine whether it falls within the "existing mental-physical condition" exception to the hearsay rule. MRE 803(3). This provision removes from the hearsay rule:

> A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed . . . .

It would have been proper in this instance to

admit Cooley's statement to Arledge to the extent that it indicated he was feeling ill and that his problem was a headache. Arguably, while it may have been necessary to add that the headache might be secondary to a head trauma, it is medically irrelevant where the trauma occurred, namely, at work, and thus, this portion of the statement does not fall within the hearsay exception. See *Bradbury v Ford Motor Co*, 123 Mich App 179, 187; 333 NW2d 214 (1983); *Duke v American Olean Tile Co*, 155 Mich App 555, 572; 400 NW2d 677 (1986); cf. *People v Wilkins*, 134 Mich App 39; 349 NW2d 815 (1984), lv den 422 Mich 862 (1985) (origin of sexual abuse inextricably related with proper treatment).

While it is true that workers' compensation tribunals generally are not required to follow the same technical evidentiary rules that apply to jury trials, hearsay is generally held inadmissible in compensation proceedings. *Carlisle v General Motors Corp*, 126 Mich App 127, 129; 337 NW2d 4 (1983). Thus, it was error to admit this testimony. See *Green v Sears, Roebuck & Co*, 280 Mich 568; 274 NW 331 (1937) (statements made by the deceased to his wife upon returning home relative to the happening of the accident caused at work was hearsay and inadmissible).

Our review of the record indicates further that, other than Arledge's inadmissible hearsay testimony, there was no other competent evidence from which a finding could be made that the alleged trauma which precipitated death originated while Cooley was at work. We therefore must conclude, as a matter of law, that the Appeal Board's finding was not supported by competent evidence. *Parmeter v Grand Rapids Public Schools*, 168 Mich App 97, 102; 424 NW2d 6 (1987).

Finding this issue dispositive, we find it unnecessary to address defendant's remaining claim.

Reversed.