YAKOWICH v DEPARTMENT OF CONSUMER AND INDUSTRY
SERVICES

Docket No. 207235. Submitted September 7, 1999, at Detroit. Decided January 25, 2000, at 9:00 A.M. Leave to appeal sought.

Robert Yakowich and others brought an action in the Wayne Circuit Court against the Department of Consumer and Industry Services, the Worker's Compensation Board of Magistrates, and others, seeking declaratory and injunctive relief against the implementation of 1996 AACS, R 418.55 (Rule 5). The plaintiffs contended that Rule 5, which governs procedure for the introduction of certain evidence in hearings before magistrates, is an invalid rule of evidence because the Michigan Supreme Court has sole authority to promulgate rules of practice and procedure, including rules of evidence, and Rule 5 was not promulgated by the Supreme Court, but by the Director of the Department of Consumer and Industry Services. The plaintiffs also contended that Rule 5 conflicts with the Michigan Rules of Evidence. The court, Pamela R. Harwood, J., granted summary disposition for the defendants. The plaintiffs appealed.

The Court of Appeals *held*:

1. Worker's compensation proceedings are purely statutory, and the promulgation and enforcement of reasonable rules of procedure in those proceedings are the statutory responsibility of the Director of the Department of Consumer and Industry Services. The authority of the Supreme Court under Const 1963, art 6, § 5 and MCL 600.223; MSA 27A.223 to promulgate and amend general rules of practice and procedure in courts of record in the state is not implicated in proceedings in the worker's compensation bureau because the bureau is not a court.

2. Rule 5 does not appear to be a rule of evidence because, although it governs the admission of certain types of evidence, it does not provide that such evidence is or is not admissible, only that it must be disclosed if sought to be introduced. Even if Rule 5 were to be considered a rule of evidence, it does not appear to conflict with any provision of the Michigan Rules of Evidence.

Affirmed.

WORKER'S COMPENSATION — WORKER'S COMPENSATION BUREAU – RULES OF PRAC-
TICE AND PROCEDURE.

    The promulgation and enforcement of reasonable rules of practice
and procedure in proceedings in the Bureau of Worker's Disability
Compensation are the statutory responsibility of the Director of the
Department of Consumer and Industry Services; the promulgation
of such rules does not implicate the authority of the Michigan
Supreme Court over rules of practice and procedure in courts of
record in the state because the bureau is not a court of record
(MCL 418.213[7], 445.2001; MSA 17.237[213][7], 3.29[224]).

*Levine, Benjamin, Tushman, Bratt, Jerris &
Stein, P.C. (by Charles P. Burbach),* for the plaintiffs.

*Jennifer M. Granholm,* Attorney General, *Thomas
L. Casey,* Solicitor General, and *Morrison Zack,*
Assistant Attorney General, for the defendants.

Before: WHITE, P.J., and HOOD and JANSEN, JJ.

PER CURIAM. Plaintiffs appeal as of right the circuit
court's order granting defendants' motion for sum-
mary disposition and dismissing plaintiffs' complaint,
which sought a declaration that 1996 AACS, R 418.55
is void, and an injunction prohibiting defendants from
implementing that rule. We affirm.

Plaintiffs Robert Yakowich, Cheryl Patel, Joe Hos-
kins, and Catherine Shaw have claims pending before
the worker's compensation bureau, a division of the
Department of Labor, in which tribunal they are rep-
resented by plaintiff law firm Levine, Benjamin,
Tushman, Bratt, Jerris & Stein, P.C. The worker's
compensation board of magistrates was created pur-
suant to MCL 418.213; MSA 17.237(213). The magis-
trates hear cases in which an application for a hear-
ing has been filed. MCL 418.206(2); MSA
17.237(206)(2). The board members are supervised by
a chairperson, MCL 418.213(3); MSA 17.237(213)(3),

who at present is defendant Craig Peterson. The board is authorized to "promulgate rules on administrative hearing procedures for purposes under this act." MCL 418.213(7); MSA 17.237(213)(7). In 1996, the Governor issued Executive Reorganization Order 1996-2, which provided in part IV that all "statutory authority, powers, duties, functions and responsibilities related to the promulgation of rules by boards and commissions in the Department of Labor," including those of the worker's compensation board of magistrates, were transferred to the Director of the Department of Consumer and Industry Services (DCIS). MCL 445.2001; MSA 3.29(224). Defendant Kathleen Wilbur is the director of the DCIS. In 1996, Wilbur[1] promulgated 1996 AACS, R 418.55 (Rule 5), which provides:

> (1) Not less than 42 days before a hearing, the party intending to introduce the record, memorandum, report, or data compilation shall furnish copies to all parties and send a notice of intent to the magistrate. The opposing party shall provide written objection to the proposed exhibit to all parties not less that [sic, than] 21 days before the hearing. An opposing party may schedule cross-examination in response to the record, memorandum, report, or data compilation sought to be admitted under this rule.
>
> (2) This rule shall not affect the magistrate's discretion to rule on newly discovered evidence.

In June 1997, plaintiffs filed this action alleging that, pursuant to Const 1963, art 6, § 5 and MCL 600.223; MSA 27A.223, the Supreme Court has sole authority to promulgate and amend general rules gov-

---

[1] Defendants' motion for summary disposition stated that Wilbur promulgated Rule 5 pursuant to a transfer of legislative authority granted from defendant board to her by Executive Order No. 1996-2, § IV(3)(k).

erning practices and procedure in all courts of record and state tribunals. Plaintiffs argued that because "[t]he rules of practice and procedure include the rules of evidence," *Mumaw v Mumaw*, 124 Mich App 114, 120; 333 NW2d 599 (1983), and Rule 5 was a rule of evidence, Rule 5 was invalid because it was not promulgated by the Supreme Court. Plaintiffs therefore sought to have the court declare Rule 5 a rule of evidence that "is illegal, invalid, [and] of no force and effect" and to enjoin defendants from implementing and applying that rule.

Plaintiffs filed a motion for a preliminary injunction, seeking to enjoin defendants from implementing Rule 5 during the pendency of the case. Defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10). The circuit court ruled:

> At issue in the present case is enforcement of . . . Rule 5. It was promulgated by the Director of the Department of Consumer and Industry Services, Kathleen Wilbur. I will not read Rule 5 into the record. The rule is used in administrative hearings before the Worker's Compensation Board of Magistrates. The Board hears and decides litigated claims under the Worker's Disability Compensation Act. Director Wilbur promulgated the rule pursuant to the authority given to the Board by MCL 418.213(7) and the Director through Executive Order 1996-2.
>
> Plaintiff has asked this Court for a declaratory judgment and to enjoin enforcement of Rule 5.
>
> Plaintiffs assert that defendants have promulgated Rule 5 in violation of the Michigan Constitution, Article VI, Section 5 and MCL 600.223.
>
> Plaintiffs argue that Rule 5 is a rule of evidence and pursuant to the Constitution and statue [sic, statute] the Michigan Supreme Court has the sole authority to promulgate such a rule. Article VI, Section 5 of the Michigan Constitution provides in part that the Supreme Court shall establish

the practice and procedure in all courts. Additionally, MCL 600.223 provides, in relevant part: "The Supreme Court has authority to promulgate and amend general rules governing practices and procedures in the Supreme Court and all other courts of record." The terms of the Constitutional provision and statute are clear, in that they address only the Supreme Court's authority to promulgate rules for the judiciary. The case law interpreting the Constitutional provision has affirmed the principle that the Supreme Court has the exclusive authority to promulgate rules for practice and procedure in the courts. That's *Perin* 373 Mich 531;[2] *People v Fields*, 391 Mich 206;[3] that's *Buscaino* 385 Mich 474,[4] and *Gruskin* 405 Mich 51.[5] The cases have not addressed the question of whether the court's authority to promulgate rules extends beyond the courts to administrative hearings. The Board is not a court. It is an administrative agency created by the [L]egislature, and, therefore, this Court finds that plaintiffs' reliance on Article VI, Section 5 and MCL 600.223 is, in fact, misplaced.[6]

Worker's compensation proceedings are purely statutory, *Hebert v Ford Motor Co*, 285 Mich 607, 610; 281 NW 374 (1938), and "[i]t is the sole prerogative of the Legislature to alter or modify a provision of the WDCA." *Feld v Robert & Charles Beauty Salon*, 435 Mich 352, 364; 459 NW2d 279 (1990) (RILEY, C.J.). The

---

[2] *Perin v Peuler (On Rehearing)*, 373 Mich 531; 130 NW2d 4 (1964), overruled on other grounds *McDougall v Schanz*, 461 Mich 15; 597 NW2d 148 (1999).

[3] *People v Fields*, 391 Mich 206; 216 NW2d 51 (1974), overruled on other grounds *People v Peters*, 397 Mich 360; 244 NW2d 898 (1976).

[4] *Buscaino v Rhodes*, 385 Mich 474; 189 NW2d 202 (1971), overruled on other grounds *McDougall, supra*.

[5] *Gruskin v Fisher*, 405 Mich 51; 273 NW2d 893 (1979).

[6] Neither MCR 2.116(I)(1) nor MCR 2.517(A)(4) requires the court to specify the ground(s) on which the motion is granted. See *People v Shields*, 200 Mich App 554, 558; 504 NW2d 711 (1993) (noting that "[a]lthough it is always preferable for purposes of appellate review that a trial court explain its reasoning and state its findings of fact with respect to pretrial motions, the court is not required to do so by court rule").

Legislature authorized the board (now the director of the DCIS) to promulgate and enforce rules of procedure. MCL 418.213(7); MSA 17.237(213)(7). See *Greer v John E Green Plumbing & Heating Co*, 75 Mich App 451, 453, n 2; 255 NW2d 17 (1977), remanded 406 Mich 896 (1979) (the worker's compensation bureau has a statutory responsibility to promulgate and enforce reasonable rules of procedure). Plaintiffs' underlying premise, that only the Supreme Court may promulgate a rule such as Rule 5, is incorrect. Thus, their claim, which is predicated on that premise, must fail. The circuit court properly granted defendants' motion for summary disposition.

Plaintiffs' claim that they somehow have a vested right in the application of the rules of evidence must also fail. The rules specifically state that they "govern proceedings in the courts of this state," MRE 101, and "apply to all actions and proceedings in the courts of this state." MRE 1101(a). As noted above, a state agency is not a court of the state. The law is well established that worker's compensation hearings "are generally not required to follow the same technical evidentiary rules that apply to jury trials." *Carlisle v General Motors Corp*, 126 Mich App 127, 129; 337 NW2d 4 (1983). The one exception to this rule is that hearsay evidence is generally inadmissible, as provided in the rules of evidence. *Id.* In holding MRE 803(4) applicable to worker's compensation proceedings, this Court noted the general rule but asked, "if the board and . . . referees are not to use the adopted rules of evidence, what source shall they look to for rulings on matters of evidence?" *Holford v General Motors Corp*, 116 Mich App 488, 491, 493; 323 NW2d 454 (1982). The Court nevertheless declined to

impose "a blanket application of all of the MRE" to worker's compensation hearings. *Id.* at 493. That aside, Rule 5 does not appear to be a rule of evidence because, although it governs the admission of certain types of evidence, it does not provide that the records specified are or are not admissible, only that they must be disclosed if sought to be introduced. Even if it is considered to be a rule of evidence, it does not appear to conflict with any provision of the MRE and thus does not usurp the Supreme Court's rule-making authority. See *People v McDonald*, 201 Mich App 270, 272-273; 505 NW2d 903 (1993). However, even if Rule 5 were a rule of evidence and did conflict with a provision of the MRE, its promulgation and enforcement still does not constitute an unlawful usurpation of the Supreme Court's rule-making authority because that authority extends to courts of record, and a hearing before a worker's compensation magistrate is not before a court of record.

Affirmed.