# STATE OF MICHIGAN

# COURT OF APPEALS

MONASSER OMIAN,

        Plaintiff-Appellee,

v

CHRYSLER GROUP, LLC,

        Defendant-Appellant.

FOR PUBLICATION
February 26, 2015
9:05 a.m.

No. 310743
Michigan Compensation
Appellate Commission
LC No. 10-000099

Before: RONAYNE KRAUSE, P.J., and WILDER and STEPHENS, JJ.

WILDER, J.

Following remand by the Michigan Supreme Court, defendant, Chrysler Group, LLC, appeals as on leave granted, the order of the Michigan Compensation Appellate Commission (MCAC)[1], affirming the magistrate's denial of defendant's petition to stop the benefits of plaintiff, Monasser Omian, under the Workers' Disability Compensation Act (WDCA), MCL 418.101 *et seq. Omian v Chrysler Group, LLC*, 495 Mich 859; 836 NW2d 689 (2013). We reverse and remand.

I

Plaintiff qualified for workers' compensation benefits due to a back injury incurred while working for defendant on November 9, 2000. Defendant subsequently filed a petition to stop plaintiff's benefits, contending that he had been incarcerated for activities that demonstrated his physical and mental abilities to earn money contrary to his claim of an ongoing disability. Plaintiff countered that his involvement in a criminal enterprise did not prove he was capable of performing physical labor commensurate with his previous ability or employment.

The parties presented conflicting evidence regarding plaintiff's ability to work. Philip J. Mayer, M.D., examined plaintiff once and found symptom embellishment. Mayer opined it was

---

[1] The Michigan Compensation Appellate Commission serves as the successor to the Workers' Compensation Appellate Commission. Executive Order 2011-6, effective August 1, 2011. See also *McMurtrie v Eaton Corp*, 490 Mich 976; 806 NW2d 530 (2011).

"improbable that [plaintiff] would have not shown any improvement over the past 6-8 years." Mayer asserted he would "not recommend restrictions of activity," and that "[r]est is not an appropriate treatment for back pain." On the other hand, plaintiff's treating physician Dr. D. Bradford Barker opined that, as a result of his back injury, plaintiff could not work on the auto line, as he had done before, or complete sedentary work because prolonged sitting causes pain. Plaintiff's psychiatrist Dr. Mufid Al-Najjar opined that plaintiff's major depressive disorder contributes to his inability to tolerate pain, and results in feelings of frustration and hopelessness. Further, a certified rehabilitation counselor, James Fuller, opined that plaintiff had limited English language capability and no computer skills, making him only eligible for sedentary, unskilled employment that was not commensurate with his former earning capacity.

The magistrate admitted into evidence Exhibit C, an order of judgment reflecting plaintiff's conviction by guilty plea of counts 1 and 4 of a federal indictment. Count 1 of the indictment alleged plaintiff was involved in a conspiracy to commit federal crimes, whereas Count 4 alleged plaintiff aided and abetted the structuring of financial transactions to evade reporting requirements. Pursuant to a plea agreement, all remaining counts in the indictment were dismissed and plaintiff was sentenced to 30 months' imprisonment. The magistrate also admitted into evidence Exhibit E, a copy of the May 11, 2006 transcript of plaintiff's arraignment and guilty plea hearing. In pleading to the felony charges, plaintiff admitted having established bank accounts in his name from which he was sending money to Yemen and Switzerland. Plaintiff also admitted that he allowed approximately 50 deposits of under $10,000 into his accounts by other individuals, and that the dollar amount of these transactions was chosen with the intent to avoid Internal Revenue Service (IRS) reporting requirements. Plaintiff testified that, despite the sizeable deposits, he only received $10 for each transfer made, and he also claimed that the earnings occurred before he was receiving workers' compensation benefits.

The magistrate excluded defendant's proposed Exhibits B and D, the grand jury indictment and a 48-page superseding indictment[2] against plaintiff and three other individuals, concluding that they were not relevant, that many of the allegations did not apply to plaintiff, and that the allegations were speculative because they did not all result in convictions. The magistrate continued to refuse to admit Exhibit D, even after defendant proposed to redact it to exclude references to the three other charged individuals as well as those charges which were dismissed as a result of plaintiff's guilty plea.

In addition to excluding aspects of the indictment as indicated above, the magistrate also rebuffed defendant's effort to introduce evidence of the circumstances underlying the indictment, insofar as they did not directly relate to plaintiff's guilty plea, particularly during defendant's examination of plaintiff. For example, defendant was precluded from asking plaintiff whether he had five accounts at Comerica Bank, whether plaintiff and his son were the only approved

---

[2] Some of the charges overlap for the individuals charged and some are distinctly applicable only to certain individuals or alleged co-conspirators, but not to plaintiff.

signatories to the account holding $24,000, and when the account with $24,000 was opened.[3] In addition, the magistrate sustained objections regarding Dr. Al-Najjar's and Fuller's opinions of plaintiff's ability to work when defendant presented hypotheticals to them which included the facts underlying the indictment. Fuller was precluded from testifying whether activities, including repackaging controlled substances and contraband cigarettes for sale, altering stamps, and laundering profits through hawala accounts, demonstrated skills that were transferable to other employment opportunities. Also precluded was Dr. Al-Najjar's opinion regarding whether plaintiff could have been faking a flat affect during therapy while simultaneously committing the crimes alleged outside of therapy.

In an opinion denying defendant's petition to stop benefits, the magistrate rejected the testimony of Dr. Mayer and found Dr. Barker, as the treating physician since 2002, credible.

> I find that Plaintiff has testified credibly with regard to all issues of his workers' compensation case. . . . I am cognizant of Plaintiff's guilty plea. There is no question this was a serious crime. He served a sentence of 23 months in the federal prison system. (Defendant's Exhibits C and E.) However, the question that I must answer here is whether Plaintiff has recovered from his work-related disability. I find that he has not.

> * * *

> Dr. Barker's diagnoses and restrictions are the same. Dr. Al-Najjar described the same man that I observed in this Agency on three different occasions. Plaintiff's presentation and his complaints are the same. I find that Defendant has failed to demonstrate by a preponderance of evidence that Plaintiff has recovered from his disability. The Petition to Stop is denied.

Adopting the magistrate's summary of the evidence under MCL 418.861a(10) and affirming the magistrate's ruling, the MCAC determined, in relevant part:

> We conclude that the magistrate's findings that plaintiff remains compensably disabled are supported by competent, material, and substantial evidence on the whole record, and we therefore affirm those findings. MCL 418.861a(3). Dr. Barker's credited conclusions of disability coupled with plaintiff's credited testimony consistent with the conclusion of disability referenced by Dr. Barker are by themselves adequate to insulate the magistrate's findings of continued disability from being set aside by us. Adding the testimony of plaintiff's vocational consultant simply provides yet a further basis for concluding that the magistrate's findings of continued disability should be affirmed.

---

[3] Plaintiff did not assert a Fifth Amendment right against self-incrimination when these questions were asked.

* * *

Because we conclude that the magistrate considered the attack on plaintiff's credibility through his criminal convictions and conduct leading to same, but determined that she accepted plaintiff's testimony as credible, we conclude that MCL 418.861a(3) . . . insulate[s] these findings from being set aside. Flowing from this determination that these factual findings may not be set aside, we also conclude that the overall determination to deny the petition to stop must be affirmed.

* * *

The magistrate carefully considered the proffer of defendant's proposed Exhibit D within the context of MRE 609, the evidence rule relating to impeachment by evidence of conviction of crime. We conclude that the magistrate properly exercised her discretion to allow introduction of the criminal conviction and the guilty plea transcript, but excluding the charging document which included information related to other individuals besides plaintiff and counts that did not necessarily form the basis for plaintiff's guilty plea.

In its opinion, the MCAC did not address the magistrate's exclusion of evidence of the facts underlying the counts of the indictment to which plaintiff did not plead guilty, and the expert testimony based on those facts.

II

Defendant contends the MCAC erred by affirming the magistrate's decision to exclude not only proposed Exhibit D, but also the evidence, including expert testimony, which related to the facts underlying the indictment. We disagree in part, but we also agree in part.

As discussed by this Court in *Moore v Prestige Painting*, 277 Mich App 437, 447; 745 NW2d 816 (2007):

The [M]CAC must review the magistrate's decision under the "substantial evidence" standard, and we review the [M]CAC's findings of fact under the "any evidence" standard. *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 702-704; 614 NW2d 607 (2000). Our review begins with the [M]CAC's decision, not the magistrate's. *Id*. "Findings of fact made or adopted by the [M]CAC are conclusive on appeal, absent fraud, if there is any competent evidence in the record to support them." *Tew v Hillsdale Tool & Mfg Co*, 268 Mich App 399, 405; 706 NW2d 883 (2005). We review de novo "questions of law involved in any final order of the [M]CAC." *DiBenedetto v West Shore Hosp*, 461 Mich 394, 401; 605 NW2d 300 (2000). "[A] decision of the [M]CAC is subject to reversal if it is based on erroneous legal reasoning or the wrong legal framework." *Id*. at 401-402.

In addition, "This Court reviews a . . . decision to admit evidence for an abuse of discretion; however, when the . . . decision involves a preliminary question of law, such as whether a statute

precludes the admission of evidence, a de novo standard of review is employed." *Detroit v Detroit Plaza Ltd Partnership*, 273 Mich App 260, 275-276; 730 NW2d 523 (2006).

MCL 418.841(6) provides, in relevant part: "The rules of evidence as applied in a nonjury civil case in circuit court shall be followed as far as practicable, but a magistrate may admit and give probative effect to evidence of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs." See also *Yakowich v Dep't of Consumer & Indus Servs*; 239 Mich App 506, 511; 608 NW2d 110 (2000) ("[H]earsay evidence is generally inadmissible, as provided in the rules of evidence.").

A

The MCAC did not err in affirming the magistrate's decision to exclude proposed Exhibit D. In *Mike's Train House, Inc v Lionel, LLC*, 472 F3d 398, 412 (CA 6, 2006),[4] the Sixth Circuit Court of Appeals determined that indictments are admissible, as an exception to hearsay, at least to the extent they reflect a judgment of conviction. Specifically, the federal court determined:

> The . . . court records, including the indictments, are admissible under Rule 803(22),[5] which excepts judgments of previous convictions from the general ban against hearsay. Several courts have held that an indictment from a previous conviction is properly included within the scope of Rule 803(22) and is thus admissible despite being hearsay. [*Id.* (citations omitted, footnote added).]

Given plaintiff's voluntary entry of a guilty plea to counts 1 and 4 of the indictment, those portions of the indictment were not inadmissible hearsay.

Nevertheless, the magistrate did not err in finding portions of the indictment as "not relevant" and "speculative" because the excluded evidence referenced individuals other than plaintiff, failed to indicate whether it was applicable to all or only some of the individuals, and did not specifically identify what monies plaintiff had actually received from his participation in the conspiracy as alleged. MRE 402 provides, "Evidence which is not relevant is not admissible." Relevant evidence must be material or "related to a fact of consequence to the action . . . have a tendency to make the existence of a fact of consequence to the action more probable or less probable than it would be without the evidence." *Lanigan v Huron Valley Hosp, Inc*, 282 Mich App 558, 564 n 6; 766 NW 2d 896 (2009). The indictment's allegations against

---

[4] "Although the decisions of lower federal courts are not binding precedents, federal decisions are often persuasive." *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 715-716; 742 NW2d 399 (2007) (citation omitted).

[5] "The Michigan Rules of Evidence were based on the Federal Rules of Evidence. As a result, Michigan courts have referred to federal cases interpreting rules of evidence when there is a dearth of related Michigan case law." *People v Katt*, 468 Mich 272, 280; 662 NW2d 12 (2003). A review of Federal Rule of Evidence (FRE) 803(22) reveals that the wording is substantially similar to that of MRE 803(22).

others and the unproven allegations against plaintiff were not material to the plaintiff's credibility or his ability to earn wages. *Id.* The MCAC reasoned that, even without evidence of the indictment, the magistrate had an adequate opportunity to consider the attack on plaintiff's credibility given the evidence of his actual convictions. We cannot conclude that the MCAC's decision to affirm the magistrate's exclusion of proposed Exhibit D was based on erroneous legal reasoning or the wrong legal framework." *DiBenedetto*, 461 Mich at 401.

B

However, unlike some aspects of the indictment, which were properly considered irrelevant, some of the remaining allegations in the indictment, as well as testimony tending to prove those allegations, might have been relevant to plaintiff's credibility. MRE 402. Thus, the magistrate erred in excluding this evidence. For example, plaintiff conceded during oral argument on appeal that evidence of plaintiff's bank records would have been relevant and admissible, where defendant offered evidence that plaintiff opened a Comerica account with a $24,000 deposit sometime after he suffered his injury, despite plaintiff's testimony to the contrary that his participation in the charged offenses occurred before he started collecting workers' compensation benefits. In addition, plaintiff conceded that defendant could also have properly offered the testimony of plaintiff's co-conspirators, insofar as it concerned plaintiff's capability of earning wages or securing employment. Had defendant offered evidence tending to prove the facts underlying the indictment, which were prejudicial to plaintiff, that evidence, in addition to the facts established by his plea agreement, would have served as the basis for expert testimony as to plaintiff's capability to work.

The magistrate did not address the relevance of the facts underlying the indictment, but excluded that evidence merely because it was information contained in the exhibits he had also excluded. On appeal, the MCAC affirmed the magistrate's findings of fact and the denial of the motion to stop without addressing defendant's argument that the magistrate erred by excluding from evidence the facts underlying the indictment. Under MCL 418.861a(3), the MCAC was required to consider the whole record before determining that the magistrate's findings of fact were conclusive. Because the MCAC did not first decide whether the facts underlying plaintiff's indictment should have been part of the whole record, we conclude that the MCAC operated under the wrong legal framework. *DiBenedetto*, 461 Mich at 401-402. We therefore remand to the MCAC for proper consideration of defendant's argument.

III

Defendant also asserts the applicability of the wrongful conduct rule, contending that plaintiff, based on his federal criminal convictions, was engaged in wrongdoing and should not be permitted to benefit from those crimes through the ongoing collection of workers' compensation benefits.

Workers' compensation issues raised for the first time in a pleading at this Court are not preserved for review. Defendant did not raise the issue of the wrongful-conduct rule applicability before the magistrate or MCAC. Because the issue is raised for the first time on appeal to this Court, it is not properly preserved, *Auto-Owners Ins Co v Amoco Prod Co*, 468 Mich 53, 65; 658 NW2d 460 (2003). See MCL 418.861a(11) ("The commission or a panel of the commission shall review only those specific findings of fact or conclusions of law that the

-6-

parties have requested be reviewed."), and this Court lacks authority to review it, *Calovecchi v State*, 461 Mich 616, 626; 611 NW2d 300 (2000); see also *Bennett v Mackinac Bridge Auth*, 289 Mich App 616, 637; 808 NW2d 471 (2010).

Even if this Court had authority to address this issue, it would be unavailing to defendant. As discussed by our Supreme Court, for a plaintiff's action to be precluded or barred by the wrongful-conduct rule, "'[the plaintiff's] injury must have been suffered while and as a proximate result of committing an illegal act.'" *Manning v Bishop of Marquette*, 345 Mich 130, 136; 76 NW2d 75 (1956), quoting *Meador v Hotel Grover*, 193 Miss 392; 9 So2d 782 (1942). Defendant has not argued that plaintiff's injury bears any relationship to the crimes alleged against plaintiff or the crimes to which he pleaded guilty.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs under MCR 7.219 because none of the parties prevailed in full.

/s/ Kurtis T. Wilder