# STATE OF MICHIGAN

# COURT OF APPEALS

SUZANNE LAWRENCE,

        Claimant-Appellant,

v

MICHIGAN UNEMPLOYMENT INSURANCE
AGENCY,

        Respondent-Appellee.

FOR PUBLICATION
July 11, 2017
9:25 a.m.

No. 332398
Oakland Circuit Court
LC No. 2015-150311-AE

Before: O'BRIEN, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Claimant, Suzanne Lawrence, appeals by leave granted[1] an opinion and order of the Oakland Circuit Court affirming a judgment of the Michigan Compensation Appellate Commission (MCAC) finding that Lawrence was paid unemployment benefits during a period of ineligibility and was required to remit reimbursement to respondent, the Michigan Unemployment Insurance Agency (MUIA). We reverse.

## I. FACTS AND PROCEDURAL HISTORY

This case arises from a dispute over $158, an amount the MUIA alleges it overpaid Lawrence during a period for which Lawrence was ineligible to receive benefits. The underlying facts of this case are undisputed. At all times relevant to this appeal, Lawrence was seasonally employed by the Bloomfield Hills Country Club (BHCC). During the winter of 2013, like any other winter, Lawrence was temporarily laid off from her position. Upon her lay off, BHCC required Lawrence to use her vacation time. Lawrence's last day of work was January 4, 2013, and Lawrence received $820 in vacation pay for the weeks ending January 16, 2013, and February 2, 2013. At some point in early 2013, Lawrence applied for and was deemed eligible to receive unemployment benefits. According to Lawrence, she received her first unemployment check on February 20, 2013, which provided payment for the previous two weeks.

---

[1] *Lawrence v Mich Unemployment Ins Agency*, unpublished order of the Court of Appeals, entered October 20, 2016 (Docket No. 332398).

-1-

Two years later, on April 7, 2015, the MUIA mailed Lawrence a Notice of Determination, indicating that because Lawrence received vacation pay during the benefit weeks ending on January 26, 2013, and February 2, 2013, she had been ineligible to receive unemployment benefits during that period. The Notice of Determination further indicated that Lawrence had been paid $79 in unemployment benefits for each week, for a total overpayment of $158. Lawrence was directed to "pay to the Agency in cash, by check, money order, EFT or MiWAM or deduction from benefits, restitution in the amount of $158.00 under MES Act, Section 62(a) as itemized above." Lawrence disputed the determination:

> I protest the determination. It is May of 2015 and your determination concerns something that occurred in January of 2013, over two years ago. Under the doctrine of laches, waiver and estoppel, your determination is barred. A statute of limitations may also be applicable here. I have been prejudiced by the passage of time because I have been unable to find necessary records applicable to this time period, when I would have had access to those records years ago. My employer recently told me that I received vacation pay from 1/6/13 through 2/2/13 and that I was first paid by the [MUIA] on 2/20/13, for the prior two weeks. Therefore, the available records do not support your conclusion.

The MUIA issued a redetermination on May 6, 2015, restating its previous findings and decision without additional explanation. Lawrence disputed the redetermination and a telephone hearing was scheduled.

The hearing occurred before an administrative law judge (ALJ) of the Michigan Administrative Hearing System (MAHS), without MUIA participation, on June 4, 2015. No exhibits were submitted or received before or during the hearing, and only Lawrence and a representative of BHCC, Cheryl Brennan, testified. The ALJ initially characterized the dispute as an appeal from the May, 2015, redetermination "that [Lawrence] was ineligible for two weeks under the remuneration provision of the Michigan Employment Security Act . . . for the benefit weeks of January 26th, 2013 and February 2nd, 2013." He therefore indicated that Lawrence would bear the burden of proving eligibility during those weeks. However, Lawrence conceded that she was ineligible to receive benefits during those two weeks—the two weeks she received vacation pay from BHCC. In an attempt to clarify the issue, Lawrence again denied receiving any unemployment payments until February 20, 2013. Lawrence offered to "fax" the ALJ her bank statements, but the ALJ declined the offer, acknowledging that he had received her testimony on the matter. Thereafter, Brennan testified to confirm that Lawrence was paid for vacation time until February 2, 2013. Perhaps unconventionally, Brennan questioned the ALJ regarding Lawrence's alleged receipt of benefits during that same time period:

> [*ALJ*]: The -- the Agency has found that [Lawrence] was ineligible for the time period of January 20th, 2013 through February 2nd, 2013.

> [*Brennan*]: Okay, and -- and you show that [Lawrence] actually received pay for that time period?

*ALJ*: That she received vacation pay is what -- is what the Agency found. This is a hearing -- (multiple speakers) -- this is a hearing to just provide an answer as the claimant had -- has Ms. Lawrence has disputed that.

*Brennan*: Okay, so she did receive vacation pay for that time period, what, did she receive benefits for that time period?

*ALJ*: I -- I don't know, Ma'am, I -- I -- this hearing is -- I work for -- don't work for the Agency. I work for the Michigan Administrative Hearing System.

*Brennan*: I see.

*ALJ*: Which -- which provides -- so if someone appeals a decision made by the Agency, they would appeal it to a separate body.

*Brennan*: Mm-hmm.

*ALJ*: I don't [sic] information that the Agency has as to when she was paid her benefits.

The ALJ issued a written determination on June 10, 2015, summarizing the facts and issue presented as follows:

> The Claimant works for the Employer [BHCC], a country club, whose main work is seasonal in nature. Each winter the Claimant is temporarily laid off. In 2013, the Claimant was laid off for the winter, but received vacation pay in the amount of $820.00 for the weeks ending January 16, 2013 and February 2, 2013. The Claimant does not dispute that she received the vacation pay, but does not believe that she received any unemployment benefits for those weeks and that no restitution is owed.

However, the ALJ proceeded to consider the issue as one regarding Lawrence's eligibility, stating that "[t]he burden of proof is on the claimant to prove his/her eligibility for benefits." The ALJ affirmed the MUIA's May, 2015 redetermination with the following explanation:

> If the Claimant receives vacation pay, it is considered income for the purposes of a benefit claim. Therefore, based on the Findings of Fact and in accordance with the relevant law . . . I find that the Claimant is ineligible for benefits for the period that she was laid off and received vacation pay.

The ALJ made no finding regarding whether Lawrence did, in fact, receive benefit payments during the weeks she received vacation pay from her employer.

Lawrence appealed the ALJ's decision to the MCAC on July 6, 2015, in a letter requesting oral argument and briefing and explaining:

[T]he "issue presented" in the ALJ's decision is far off the mark. The issue is not whether I was eligible for benefits, but rather whether I actually received benefits for the week in question. I challenged the Agency's finding that I was overpaid. Conspicuously absent from the ALJ's hearing was any proof that I received an overpayment. The burden certainly was not on me. No one appeared to contest my testimony.

The MCAC declined Lawrence's request for an oral hearing, finding it "not necessary for us to reach a decision." On October 29, 2015, the MCAC issued a written order affirming the ALJ's decision with the following three-sentence explanation:

After reviewing the record, we find the ALJ's findings of fact accurately reflect the evidence introduced during the hearing. The ALJ properly applied the law to those facts. It is our opinion that the ALJ's decision should be affirmed.

Lawrence appealed the decision of the MCAC to the Oakland Circuit Court on November 23, 2015, and the county clerk filed the certified record as received from the MCAC with the circuit court on December 22, 2015. Without holding a hearing, the circuit court issued a written opinion and order affirming the decision of the MCAC on February 29, 2016. The circuit court acknowledged that, again, Lawrence insisted that her case was not about eligibility, specifically agreeing that she was ineligible for benefit payments during the contested time period but arguing that the center of the dispute was whether she actually received an overpayment during the contested period. However, the circuit court concluded that the decisions of the ALJ and the MCAC were supported by competent, material, and substantial evidence:

Specifically, this Court finds that [Lawrence] had the burden of proof to establish that she was eligible for unemployment benefits at the time that the Agency paid her benefits. At the ALJ Hearing, the record contained the Agency's determination and redetermination letters, which clearly stated that it paid appellant $158 in unemployment benefits during a time period that her employer communicated that it paid her vacation pay. [Lawrence] testified that she did not receive payment; however, she failed to support her testimony with any documentation (e.g., bank records). The ALJ made a finding of fact that he believed the documentation contained in the record over [Lawrence's] mere denial and admission that she was ineligible to receive unemployment benefits at the time in question. Accordingly, this Court finds that the ALJ's and MCAC's decisions are authorized by law and supported by competent, material, and substantial evidence.

On appeal, Lawrence contends that the ALJ, MCAC, and circuit court misconstrued this case as one pertaining to eligibility, rather than focusing on the actual dispute regarding whether Lawrence received the payment of unemployment benefits from the MUIA during the period of her admitted ineligibility. We agree.

-4-

## II. STANDARD OF REVIEW

"[T]he Michigan Employment Security Act [(MESA)], MCL 421.1 *et seq.*, expressly provides for the direct review of unemployment benefit claims." *Hodge v US Security Assoc, Inc*, 497 Mich 189, 193; 859 NW2d 683 (2015). In pertinent part, MCL 421.38(1) provides:

> The circuit court . . . may review questions of fact and law on the record made before the [ALJ] and the [MCAC] involved in a final order or decision of the [MCAC], and may make further orders in respect to that order or decision as justice may require, but the court may reverse an order or decision only if it finds that the order or decision is contrary to law or is not supported by competent, material, and substantial evidence on the whole record.

"Substantial evidence is that which a reasonable mind would accept as adequate to support a decision, being more than a mere scintilla, but less than a preponderance of the evidence." *Vanzandt v State Employees Retirement Sys*, 266 Mich App 579, 584; 701 NW2d 214 (2005) (quotation marks and citation omitted). "Evidence is competent, material, and substantial if a reasoning mind would accept it as sufficient to support a conclusion." *City of Romulus v Mich Dep't of Environmental Quality*, 260 Mich App 54, 63; 678 NW2d 444 (2003). The circuit court may not substitute its own judgment for that of the MCAC when the MCAC's decision is properly supported. *Hodge*, 497 Mich at 193-194.

"This Court reviews a lower court's review of an administrative decision to determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial evidence test to the agency's factual findings, which is essentially a clear-error standard of review." *Braska v Challenge Mfg Co*, 307 Mich App 340, 351-352; 861 NW2d 289 (2014) (quotation marks and citation omitted). "A finding is clearly erroneous where, after reviewing the record, this Court is left with the definite and firm conviction that a mistake has been made." *Vanzandt*, 266 Mich App at 585. "Great deference is accorded to the circuit court's review of the [administrative] agency's factual findings; however, substantially less deference, if any, is accorded to the circuit court's determinations on matters of law." *Mericka v Dep't of Community Health*, 283 Mich App 29, 36; 770 NW2d 24 (2009) (quotation marks and citation omitted; alteration in original). " '[A] decision of the [MCAC] is subject to reversal if it is based on erroneous legal reasoning or the wrong legal framework.' " *Omian v Chrysler Group LLC*, 309 Mich App 297, 306; 869 NW2d 625 (2015), quoting *DiBenedetto v West Shore Hosp*, 461 Mich 394, 401; 605 NW2d 300 (2000).

## III. SCOPE OF THE RECORD ON APPEAL TO THE CIRCUIT COURT

"In reviewing whether an agency's decision was supported by competent, material, and substantial evidence on the whole record, a court must review the entire record." *Vanzandt*, 266 Mich App at 588. In this case, the parties dispute the scope of the "entire record" before the circuit court on review. At the outset, we must therefore address Lawrence's assertion that the circuit court, in reviewing the decision of the MCAC, improperly relied on an "overly-expansive" record, which, contrary to MCR 7.116(F), included files of the MUIA that were not presented to the ALJ. According to Lawrence, the record before the circuit court was properly

limited to the transcript of the original hearing before the ALJ and the ALJ's written order, because neither Lawrence nor the MUIA submitted any documentary evidence for the ALJ's consideration.

Although Lawrence did not object to the scope of the record presented to the circuit court by the MCAC before the court's consideration on the merits, we "may overlook preservation requirements . . . if consideration [of an issue] is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *General Motors Corp v Dep't of Treasury*, 290 Mich App 355, 387; 803 NW2d 698 (2010). Both exceptions are applicable here. We review de novo questions concerning the proper application of statutes and court rules. *Donkers v Kovach*, 277 Mich App 366, 369; 745 NW2d 154 (2007).

The general definition of "record on appeal" from an agency decision to a circuit court is found in MCR 7.109(2). That rule directs that the content of the "original record" on appeal to the circuit court from an agency is "defined in MCR 7.210(A)(2)," which states:

> Appeal from Tribunal or Agency. In an appeal from an administrative tribunal or agency, the record includes all documents, files, pleadings, testimony, and opinions and orders of the tribunal, agency, or officer (or a certified copy), except those summarized or omitted in whole or in part by stipulation of the parties . . . .

However, MCR 7.116, regarding appeals under the MESA, specifically provides:

> (A) Scope. This rule governs appeals to the circuit court under the [MESA], MCL 421.1 *et seq*. *Unless this rule provides otherwise*, MCR 7.101 through 7.115 apply.
>
> * * *
>
> (F) Record on Appeal. Within 42 days after the claim of appeal is served on the [MCAC], or within further time as the circuit court allows, the [MCAC] must transmit to the clerk of the circuit court a certified copy of *the record of proceedings before the* [*ALJ*] *and the* [*MCAC*]. The [MCAC] must notify the parties that the record was transmitted. [Emphasis added.]

Lawrence contends that MCR 7.116(F) limits the record on appeal to "the record of proceedings before the [ALJ] and the [MCAC]." And because MCR 7.116(F) "provides otherwise," Lawrence argues, the general definition of "record on appeal" from an agency decision in MCR 7.109(2) does not apply.

Lawrence's proposed interpretation of MCR 7.116(F) is consistent with the relevant provisions of the MESA. Notably, under MCL 421.34, the section of the MESA governing appeals to the MCAC, review of an ALJ's decision is expressly limited to "the case on the record before the [ALJ]." MCL 421.34(4). Further, under MCL 421.38(1), on appeal from the MCAC, the circuit court "may review questions of fact and law *on the record made before the* [*ALJ*] *and the* [*MCAC*] involved in a final order or decision of the [MCAC] . . . ." (Emphasis added.)

However, we cannot agree that the language of MCR 7.116(F) is intended to limit the scope of the record on appeal to the circuit court. Instead, we agree with the MUIA's assertion that MCR 7.116(F) does not define the content of the record, but simply requires that the record be sent to the circuit court. Because MCR 7.116 does not otherwise limit the scope of the record on appeal, the general definition of "record on appeal" from an agency decision in MCR 7.109(2) applies. While this expansive definition seemingly conflicts with the limited scope of the record described in MCL 421.34 and MCL 421.38, "[t]he authority to promulgate rules governing practice and procedure in Michigan courts rests exclusively with our Supreme Court. *Donkers*, 277 Mich App at 373. Thus, "[w]hen resolving a conflict between a statute and a court rule, the court rule prevails if it governs purely procedural matters." *Id*. Under the court rules, the record before the circuit court properly included "all documents, files, pleadings, testimony, and opinions and orders" of the tribunal and the agency. The circuit court therefore did not err when it considered the certified record presented by the MCAC in its entirety.

## IV. COMPETENT, MATERIAL, AND SUBSTANTIAL EVIDENCE

Even though we find that the circuit court did not err when it considered the certified record of the MCAC in its entirety, we hold that the circuit court clearly erred in its factual determinations and misapplied the substantial evidence test when it affirmed the decision of the MCAC.

The circuit court was tasked with determining whether the decision of the MCAC—that "the ALJ's findings of fact accurately reflect the evidence introduced at the hearing" and "[t]he ALJ properly applied the law to those facts"—was supported by "competent, material, and substantial evidence on the whole record," MCL 421.38(1), and whether the MCAC operated within the correct legal framework, *DiBenedetto*, 461 Mich at 401. As previously discussed, our consideration is limited to the question of whether the circuit court applied the correct legal principles and properly applied the substantial evidence test to the findings and conclusions of the MCAC. *Braska*, 307 Mich App at 351-352. We will not reverse a circuit court's decision unless we are left with a definite and firm conviction that a mistake has been made. *Vanzandt*, 266 Mich App at 585. On the record before us, we are left with no doubt that the circuit court clearly erred in affirming the decision of the MCAC.

As noted in the MCAC's opinion, the ALJ's written findings of fact accurately reflect the evidence presented at the June 4, 2015 hearing. Such evidence consisted only of testimony from Lawrence and Brennan, a representative of BHCC. Both witnesses testified that Lawrence received vacation pay during the weeks ending in January 16, 2013, and February 2, 2013. Lawrence testified that she did not receive any benefit payments until February 20, 2013, when she received a check covering the preceding two-week period.

If the issue were one of eligibility, the MCAC's conclusion that the ALJ properly applied the law would be without question. Indeed, Lawrence has consistently admitted that she was not eligible to receive employment benefits during the two weeks she admits she received vacation pay. However, as the ALJ acknowledged, both orally and in his written opinion, Lawrence disputed only her actual, physical receipt of benefit payments during the two weeks she received vacation pay. Bewilderingly, the ALJ nevertheless limited his consideration to the issue of Lawrence's eligibility during the two weeks *she conceded she was ineligible*, ultimately

affirming the MUIA's redetermination because: "Claimant is ineligible for benefits for the period that she was laid off and received vacation pay."

The ALJ's decision to affirm the MUIA's redetermination and order Lawrence to reimburse the MUIA for overpayment lacked legal ground[2] because *the question of Lawrence's eligibility for payments was not at issue*, either during the hearing before the ALJ or on appeal to the MCAC. The MCAC was aware that on appeal, the issue before it was whether the ALJ addressed the appropriate issue. In her request for review, Lawrence clearly argued that the ALJ failed to consider the question of payment and inexplicably focused on Lawrence's uncontested ineligibility. Like the ALJ, the MCAC completely missed the mark. The circuit court, in its course, followed suit, acknowledging that Lawrence disputed only her actual receipt of payments but, consistent with the lower tribunals, addressing only the issue of eligibility. The MCAC failed to operate within the correct legal framework, and the circuit court clearly erred when it concluded that the MCAC's decision should be affirmed.

Although our conclusion that the decisions of the circuit court, the MCAC, and the ALJ were legally unsound is sufficient to order reversal, we proceed with our examination of the record and further conclude that the circuit court clearly erred when it determined that the MCAC's decision was supported by competent, material, and substantial evidence on the whole record.

Even considering the entire record before the circuit court, rather than the limited evidence before the ALJ, we are puzzled by the circuit court's decision to affirm the MCAC. The circuit court clearly indicated its awareness that the issue before the ALJ was not one of eligibility, but one of actual receipt of benefits. Although the circuit court ultimately decided that Lawrence failed to "meet her burden of proof to establish that she was eligible for unemployment benefits," it articulated some limited findings regarding Lawrence's receipt of payments in its written order and opinion. Taken together, these findings, several of which are unsupported by the record, do not establish by competent, material, and substantial evidence that Lawrence received payments during the weeks of her conceded ineligibility.

First, the circuit court noted that "[a]t the ALJ Hearing, the record contained the Agency's determination and redetermination letters, which clearly stated that it paid appellant $158 in unemployment benefits during a time period that her employer communicated that it paid her vacation pay." This statement is not supported by the record because neither the determination nor the redetermination letter was before the ALJ at the June hearing. In fact, the ALJ, who was unaffiliated with the MUIA and received no exhibits prior to the telephone hearing, clearly indicated that he had no information regarding whether the MUIA actually made

---

[2] We note that the ALJ's conclusion that "[t]he burden of proof is on the claimant to prove his/her eligibility for benefits," while legally accurate, is completely irrelevant in this case. It makes no sense that Lawrence, who conceded her ineligibility and raised a completely different issue, is now required to prove her eligibility for benefits in order to obtain relief on an unrelated ground.

benefit payments to Lawrence during the weeks ending in January 16, 2013, and February 2, 2013.

Further, although the letters were before the circuit court and properly considered on review of the MCAC's decision, the circuit court clearly erred in relying on these letters as "competent, material, and substantial" proof that the MUIA actually paid Lawrence $158 in unemployment benefits during the period of Lawrence's ineligibility. The Notice of Determination reads as follows:

> You received vacation pay for the week(s) and amount(s) shown.
>
> Your vacation pay is greater than or equal to 1.6 times your weekly benefit amount of $362.00.
>
> You are ineligible for benefits . . . beginning January 20, 2013 through February 02, 2013. You will not receive benefit payments during this period.

Attached is a separate document labeled "Restitution (List of Overpayments)," ordering Lawrence to pay $158 in restitution—$79 for each week. The Notice of Redetermination restates the same information. These two notices represent nothing more than requests for payment. They are not proof that the MUIA issued an overpayment, in any amount, to Lawrence, and to accept them as such would defy common sense. See *RG Moeller Co v Van Kampen Const Co*, 57 Mich App 308, 311-312; 225 NW2d 742 (1975) (declining to consider the plaintiff's billing and accounts receivable ledger as "proof" of the defendant's liability on an account).

There is simply no evidence in the record to prove that the MUIA issued two benefit payments of $79, or any other amount, to Lawrence for the weeks of her conceded ineligibility. Such evidence might consist of a cancelled check, a check stub, a notice of electronic funds transfer, or a bank statement. The MUIA has failed to admit even an agency accounting indicating that it issued the contested payment(s) to Lawrence. Without even a scintilla of evidence on the record to support the payment of benefits, the trial court clearly erred when it determined that the MCAC's decision was supported by competent, material and substantial evidence.

Contrary to the MUIA's assertion on appeal, the burden was not on Lawrence to establish that she did *not* receive benefit payments as alleged.[3] The MUIA suggests that Lawrence "is the one who possessed the particularized knowledge and control of information she claimed established she was not paid for the weeks in question." However, we find that the opposite is

---

[3] The MUIA insists that Lawrence could simply have turned over her bank statements as proof that she did not receive payment. However, we note that Lawrence did, in fact, attempt to admit copies of her bank statements at the June 4, 2015 hearing before the ALJ. The ALJ declined to accept the statements, assuring Lawrence that they were unnecessary in light of her undisputed testimony on the matter.

true. Requiring Lawrence to prove that she never received payments would be requiring her to prove a negative—a near impossibility. It is the party who has rendered payment that possesses the particularized knowledge and control of information necessary to prove that it undertook the affirmative action of issuing a payment. Although, depending on the method of payment, Lawrence may have been required to prove that she did not *receive* payments after the MUIA proved that it *issued* payments, the MUIA offered no such proof here and Lawrence could not reasonably be expected to prove that the MUIA issued benefit payments. "[I]t is an elementary principle of law . . . that the burden of proving payment rests upon the party who claims to have made it." *Taylor v Taylor's Estate*, 138 Mich 658, 662-663; 101 NW 832 (1904).

Finally, the circuit court clearly erred when it based its decision, even in part, on its conclusion that: "The ALJ made a finding of fact that he believed the documentation contained in the record over [Lawrence's] mere denial and admission that she was ineligible to receive unemployment benefits at the time in question." This conclusion is directly contradicted by the record. The ALJ addressed the issue of eligibility only and made no findings of fact regarding the issue at hand. At no point during the hearing or in his written order did the ALJ state or imply that he made a credibility determination. As previously mentioned, the ALJ had no documentary evidence before it on which to base such a determination.

On appeal, the MUIA adopts the circuit court's erroneous conclusion as fact, and argues that "[t]he ALJ properly chose the documentary evidence over Lawrence's unsupported denial." The MUIA relies on our Supreme Court's decision in *Hodge*, 497 Mich at 194-195, for the proposition that this Court may not contradict the ALJ's findings or credibility determinations, and must therefore affirm its ultimate conclusion regarding payment of benefits. Even if the MUIA's argument was factually supported—and it clearly is not—the MUIA's argument would fail on its merits.

In *White v Revere Copper & Brass, Inc*, 383 Mich 457, 461-463; 175 NW2d 774 (1970), a case factually similar to the one before us, our Supreme Court stated:

> A careful review of the record reveals that the only evidence relating to the question of notice was that positively averred and testified to by plaintiff. Not an iota of evidence is presented in this record denying or rebutting plaintiff's proofs.

> Although the Appeal Board could have expressly rejected plaintiff's testimony going to the question of notice, it could not properly deduce from the only evidence in the record that no notice was given. The Appeal Board cannot draw inferences contrary to undisputed evidence.

> We conclude that there is no competent evidence to support the Appeal Board's finding of fact that notice was not given. [Citations omitted.]

Although the appeal board in *White* was the Worker's Compensation Appellate Commission (WCAC) and the issue was lack of notice, rather than lack of payment, we find the *White* Court's reasoning equally applicable under the circumstances presented. The ALJ unquestionably possessed the authority and the position to make credibility determinations on the

evidence before it. However, the ALJ had no documents before it, and clearly stated on the record that he possessed no information regarding payments issued by the MUIA. As was the case in *White*, the only evidence before the ALJ regarding the subject at issue was Lawrence's undisputed testimony that she had not received any benefit payments for the contested period. Had the ALJ possessed contradictory evidence, the ALJ could have rejected Lawrence's statements outright. However, on the evidence before it, the ALJ could not have inferred that the MUIA issued benefit payments, or that Lawrence received them, during the contested period.

Our conclusion in this regard is consistent with the rule announced in *Hodge*, 497 Mich at 196, as it does not require this Court to substitute any factual findings with clear factual findings of the ALJ. Unlike the ALJ mentioned in *Hodge*, who considered an actual conflict in evidence and made a clear factual finding on the issue of credibility, *id*. at 194-195, the ALJ here simply did not make a factual finding. We are not required to defer to a farcical or unsupported credibility determination.

## V. CIRCUIT COURT'S DENIAL OF LAWRENCE'S REPLY BRIEF

Lawrence also contends that the circuit court violated MCR 7.111(A)(3) when it entered a scheduling order stating that Lawrence "is not entitled to a reply brief." We agree, but hold that the error does not entitle Lawrence to additional relief.

Lawrence did not challenge the circuit court's denial of Lawrence's right to file a reply brief until she filed a motion for reconsideration after the contested order. Issues first presented in a motion for reconsideration are not properly preserved. *Vushaj v Farm Bureau General Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). We review the unpreserved error for plain error affecting substantial rights. *Nat'l Wildlife Fed v Dep't of Environmental Quality (No. 2)*, 306 Mich App 369, 373; 856 NW2d 394 (2014). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008). Again, the proper interpretation of a court rule is an issue we review de novo. *AFP Specialties, Inc v Vereyken*, 303 Mich App 497, 504; 844 NW2d 470 (2014).

MCR 7.111(A)(3) governs briefs on appeal to the circuit court and provides, in relevant part: "Within 14 days after the appellee's brief is served on appellant, the appellant may file a reply brief." However, the circuit court's January 7, 2016 scheduling order indicates that "[a]ppellant is not entitled to a reply brief." A circuit court has the authority to control its own docket. See *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006) (explaining that trial courts possess the inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). However, a circuit court must follow the court rules. The circuit court's scheduling order clearly violated Lawrence's right to file a reply brief under the plain and unambiguous language of MCR 7.111(A)(3).

However, Lawrence is not entitled to relief in this matter because she has not shown that the circuit court's violation of MCR 7.111(A)(3) affected the outcome of the proceedings. Lawrence suggests that the violation was not harmless error because "the points made in her timely filed Motion for Reconsideration" were subjected to a heightened "palpable error" standard of review under MCR 2.119(F)(3). But Lawrence fails to indicate what arguments or

-11-

additional information she would have submitted in her reply brief, or how submission of a reply brief would have affected her subsequent motion for reconsideration. "Reply briefs must be confined to rebuttal, and a party may not raise new or additional arguments in its reply brief." *Kinder Morgan Mich, LLC v City of Jackson*, 277 Mich App 159, 174; 744 NW2d 184 (2007), citing MCR 7.212(G). Therefore, even if Lawrence had been permitted to file a reply brief, she could not have raised the issues she later raised in her motion for reconsideration, and MCR 2.119(F)(3) would still have applied. Without a demonstration of prejudice, Lawrence is not entitled to relief on this ground.

## VI. CONCLUSION

We reverse the order of the circuit court and remand with instructions to the circuit court to enter an order reversing the decision of the MCAC. Lawrence, as the prevailing party, is awarded taxable costs under MCR 7.219. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens