*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HELEN JORDAN,

Plaintiff-Appellee,

V

DEPARTMENT OF HEALTH AND HUMAN
SERVICES, formerly known as DEPARTMENT OF
MENTAL HEALTH,

Defendant-Appellant.

FOR PUBLICATION
December 10, 2020

No. 349641
Michigan Compensation Appellate
Commission
LC No. 17-000029

Before: MARKEY, P.J., and METER and GADOLA, JJ.

METER, J. (*dissenting*).

I respectfully dissent from the majority's conclusion to reverse the MCAC's determination that plaintiff's opioid prescriptions were reasonable and necessary treatments. I write separately to highlight the highly deferential standard of review in cases involving the MCAC.

"[J]udicial review of a decision by the MCAC is limited . . . ." *Arbuckle v Gen Motors LLC*, 499 Mich 521, 531; 885 NW2d 232 (2016). This Court's "review begins with the [commission's] decision, not the magistrate's." *Omian v Chrysler Group LLC*, 309 Mich App 297, 306; 869 NW2d 625 (2015) (quotation marks and citation omitted; alteration in original). "Findings of fact made or adopted by the [commission] are conclusive on appeal, absent fraud, if there is any competent evidence in the record to support them." *Id.* (quotation marks and citations omitted; alteration in original). Here, there was competent evidence to support the MCAC's determination that plaintiff's opioid prescriptions were reasonable and necessary: plaintiff and her treating doctors testified that she was prescribed opioids on the basis of her 1995 work-related injury, and that at the time of the prescriptions, opioids were a reasonable and necessary treatment for pain. Thus, the MCAC's findings are conclusive on appeal.

Further, contrary to the majority's conclusion, the MCAC did not misconstrue or misapply *Staggs*. I agree with the majority's statement that "[t]he principle or proposition that emanated from *Staggs* is that treatment provided in response to a work-related injury, if reasonable or

-1-

necessary under the circumstances, can create or give rise to a disability causing loss of wage-earning capacity that entitles the employee to workers' compensation benefits, even if the physical injury alone would not have supported an award of benefits." However, I disagree that *Staggs* is inapplicable to this case. Plaintiff's doctors originally prescribed the opioids in direct response to plaintiff's work-related injuries. Despite the factual distinction between this case and *Staggs* regarding the on-going nature of the relevant treatments, plaintiff's doctors continued to prescribe opioids as a reasonable and necessary treatment for plaintiff's work-related injuries. Because plaintiff's treatment was provided in response to her work-related injury, and that treatment caused the loss of her wage-earning capacity, this case falls squarely within *Staggs*. Therefore, I would affirm the MCAC's decision to reverse the magistrate's determination.


/s/ Patrick M. Meter