*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HP BENSON ASSOCIATION, INC.,

Plaintiff-Appellant,

v

NIKE, INC.,

Defendant-Appellee.

UNPUBLISHED
November 13, 2024
10:09 AM

No. 366063
Ottawa Circuit Court
LC No. 22-007011-NO

Before: BOONSTRA, P.J., and MURRAY and CAMERON, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting defendant's motion for summary disposition. Plaintiff also appeals by right the trial court's order awarding defendant $27,266.40 in attorney fees as sanctions under MCR 1.109(E)(5) and (6). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff is a nonprofit corporation. Attorney Martin H. Leaf is plaintiff's incorporator and resident agent. Leaf represented plaintiff in the lower court proceedings and continues his representation of plaintiff in this appeal. Defendant is a corporation primarily known for the production and sale of sports apparel.

In 2014, defendant released a five-minute animated advertisement, entitled *The Last Game*, in anticipation of the 2014 World Cup soccer tournament in Rio de Janeiro, Brazil. The United States Court of Appeals for the Sixth Circuit has provided the following description of *The Last Game*:

> The film tells the story of an evil villain who creates a team of soccer-playing clones. These evil clones ruin soccer (and somehow steal the beauty from the world) by winning games through a methodical (yet boring) playing style that takes no risks. A group of international soccer stars unite to come to the sport's (and the world's) rescue. Clad in Nike gear, these stars best the monotonous clones through their dazzling and risky play during "the last game." [*Leaf v Nike*, unpublished

-1-

opinion of the United States Court of Appeals for the Sixth Circuit, issued October 25, 2021 (Case No. 21-1045), p 1.]

Plaintiff filed suit in 2022, alleging that *The Last Game* contained problematic hidden images and violated the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq*.

In lieu of filing an answer, defendant moved for summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(8). After holding a hearing, the trial court granted the motion under MCR 2.116(C)(8) after concluding that plaintiff failed to state a valid claim under the MCPA. The trial court ordered sanctions against plaintiff and Leaf, concluding that plaintiff's complaint was baseless and noting that Leaf had unsuccessfully brought identical claims against defendant in federal court.

This appeal followed.

## II. STANDARD OF REVIEW

"This Court reviews de novo a circuit court's summary disposition ruling." *Dalley v Dykema Gossett, PLLC*, 287 Mich App 296, 304; 788 NW2d 679 (2010).

A court may grant summary disposition under MCR 2.116(C)(8) if [t]he opposing party has failed to state a claim on which relief can be granted. A motion brought under subrule (C)(8) tests the legal sufficiency of the complaint solely on the basis of the pleadings. When deciding a motion under (C)(8), this Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party. A party may not support a motion under subrule (C)(8) with documentary evidence such as affidavits, depositions, or admissions. Summary disposition on the basis of subrule (C)(8) should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. [*Id*. (quotation marks and citation omitted; alteration in original).]

We review de novo issues of statutory interpretation. *McQueer v Perfect Fence Co*, 502 Mich 276, 285-286; 917 NW2d 584 (2018).

This appeal concerns the interpretation of a statute. "The primary goal of statutory interpretation is to give effect to the Legislature's intent." *Ford Motor Co v City of Woodhaven*, 475 Mich 425, 438; 716 NW2d 247 (2006). "The first step is to review the statute's language[,] [a]nd if the statute is plain and unambiguous, then this Court will apply the statute as written." *Id*. at 438-439 (citation omitted). In addition,

"All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." [*Id*. at 439, quoting MCL 8.3a.]

-2-

"We review for an abuse of discretion a trial court's award of attorney fees." *Powers v Brown*, 328 Mich App 617, 620; 939 NW2d 733 (2019). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted).

"In reviewing a motion to disqualify a judge, this Court reviews the trial court's findings of fact for an abuse of discretion and the court's application of those facts to the relevant law de novo." *Olson v Olson*, 256 Mich App 619, 637; 671 NW2d 64 (2003).

## III. SUMMARY DISPOSITION

First, plaintiff argues that the trial erred by granting summary disposition in favor of defendant as to its claim under the MCPA. We disagree.

The MCPA is a consumer protection statute that prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce . . . ." MCL 445.903(1). In pertinent part, the term "trade or commerce" is defined in the MCPA as

> the conduct of a business providing goods, property, or service primarily for personal, family, or household purposes and includes the advertising, solicitation, offering for sale or rent, sale, lease, or distribution of a service or property, tangible or intangible, real, personal, or mixed, or any other article, or a business opportunity. [MCL 445.902(1)(g).]

MCL 445.903(1) contains definitions of unfair, unconscionable, or deceptive practices, stating in relevant part:

> (1) Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows:
>
> \* \* \*
>
> (s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.
>
> \* \* \*
>
> (cc) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner. [MCL 455.903(1)(s) and)(cc).]

Although MCL 455.903(1)(cc) specifically contains the term "transaction," MCL 455.903(1)(s) does not. However, in *Zine v Chrysler Corp*, 236 Mich App 261, 282-283; 600 NW2d 284 (1999) (quotation marks and citation omitted), this Court explained that it was "proper to construe the provisions of the MCPA with reference to the common-law tort of fraud." This Court stated that "[o]ne element of fraud is that the defendant made a material misrepresentation." *Id*. at 283. This Court defined a "material" representation as a

" 'representation relating to a matter which is so substantial and important as to influence [the] party to whom [it is] made . . . .' " *Id*., quoting *Black's Law Dictionary* (5th ed) (alterations in original). This Court then concluded that "a material fact for purposes of the MCPA would likewise be one that is important to the transaction or affects the consumer's decision to enter into the transaction." *Zine*, 236 Mich App at 283. In addition, this Court defined the term "transaction" for purposes of the MCPA to mean "the business conducted between the parties . . . ." *Id*. at 280. In support of its conclusion, this Court considered several dictionary definitions, including the following definition of "transaction" from Black's Law Dictionary:

> "Act of transacting or conducting any business; negotiation; management; proceeding; that which is done; an affair. It may involve selling, leasing, borrowing, mortgaging or lending. Something which has taken place, whereby a cause of action has arisen. It must therefore consist of an act or agreement, or several acts or agreements having some connection with each other, in which more than one person is concerned, and by which the legal relations of such persons between themselves are altered." [*Id*., quoting *Black's Law Dictionary* (5th ed).]

Plaintiff alleged that defendant violated MCL 455.903(1)(s) and)(cc). At the hearing on defendant's motion for summary disposition, the parties and the trial court concentrated on whether plaintiff had pleaded the existence of a "transaction" between plaintiff and defendant. The trial court concluded that plaintiff's claims under the MCPA failed because there was no allegation of any transaction between the parties. Plaintiff argues that the court erred by determining that a sale was required for there to be a "transaction." We disagree. As the trial court clarified in its opinion denying plaintiff's motion for reconsideration, the trial court held that, although a sale was unnecessary, plaintiff's MCPA claims had to be based on *some* sort of transaction, and plaintiff had failed to plead that any such transaction occurred. The trial court correctly stated the law. See *Zine*, 236 Mich App at 283.

Plaintiff appears to argue that the "transaction" underlying its MCPA claims was the mere viewing of the video published by defendant as an advertisement. We disagree that this satisfied the requirements of the MCPA. In the related federal action that Leaf filed against defendant, the Sixth Circuit concluded that viewing *The Last Game* was not a "transaction" under the MCPA, reasoning that merely watching the advertisement did not alter the parties' legal relationship, cause the parties to undertake any legal obligation or gain a legal right, cause the transfer of value, or cause the parties to enter into an agreement. *Leaf*, unpub op at 13-14. The court further stated that "[i]f every viewer of freely available 'speech' could treat that speech as a 'business deal,' it would greatly expand the [MCPA] beyond its narrow domain of protecting consumers who buy goods or services for personal use." *Id*. at 14.

We find the Sixth Circuit's reasoning persuasive. See *Omian v Chrysler Group LLC*, 309 Mich App 297, 307 n 6; 869 NW2d 625 (2015) ("Although the decisions of lower federal courts are not binding precedents, federal decisions interpreting Michigan law are often persuasive.") (quotation marks and citation omitted). In this case, as in the Sixth Circuit case, plaintiff failed to plead that a transaction occurred. Plaintiff and defendant did not conduct any business, negotiate any agreement, exchange any promises, or make any changes to their respective legal statuses. Therefore, plaintiff never participated in a "transaction" with defendant for purposes of the MCPA.

Accordingly, because plaintiff failed to state a claim under MCL 445.903(1)(s) or MCL 445.903(1)(cc), the trial court properly granted summary disposition in favor of defendant under MCR 2.116(C)(8).[1] See *Dalley*, 287 Mich App at 304.

## IV. SANCTIONS

Next, plaintiff argues that the trial court erred by awarding defendant sanctions under MCR 1.109(E)(5) and (6). We disagree.

MCR 1.109(E)(2) requires that every filing provided to a court be signed by the party's attorney, or the party if he or she is self-represented. MCR 1.109(E)(5) provides the following with regard to the effect of a signature:

> The signature of a person filing a document, whether or not represented by an attorney, constitutes a certification by the signer that:
>
> (a) he or she has read the document;
>
> (b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and
>
> (c) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If a party submits a filing that violates MCR 1.109(E)(5), that party shall be subject to sanctions:

> If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages. [MCR 1.109(E)(6).]

---

[1] Although defendant also raises res judicata and statute of limitations as possible alternative grounds on which to affirm the trial court's grant of the motion for summary disposition, it is unnecessary for us to consider those alternative grounds because summary disposition was properly granted under MCR 2.116(C)(8) for failure to state a claim. Likewise, because we affirm the trial court's grant of summary disposition on the basis that plaintiff failed to state a valid claim under the MCPA, it is unnecessary for us to address plaintiff's argument that the court erred by concluding that plaintiff did not have the authority to request injunctive and declaratory relief.

Plaintiff argues that the awarding of sanctions was improper because its complaint was warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and because the trial court was biased against plaintiff. We disagree.

Leaf, either as a plaintiff or as an attorney representing another party, has brought similar actions alleging violations of the MCPA against various defendants. Those actions have been unsuccessful. See, e.g., *Leaf v Refn*, 742 F Appx 917, 920 (CA 6, 2018); *Leaf*, unpub op at 2. Indeed, Leaf, as plaintiff, earlier brought identical claims against this specific defendant in federal court. Those claims were dismissed by the federal district court, whose decision was affirmed by the Sixth Circuit on the basis that Leaf had failed to state a valid claim under the MCPA. *Leaf*, unpub op at 2. Leaf then filed this case on behalf of plaintiff, a corporation. The complaint made several allegations concerning the offensive content in the advertisement but failed to explain how the corporate plaintiff was involved; for example, there was no explanation offered as to how plaintiff had viewed the advertisement, how it was misled by defendant, or how viewing the advertisement altered the parties' legal relationship. It is also clear that when filing this case, Leaf did not attempt to overcome the fatal flaws that had led to the dismissal of his previous cases. At a minimum, plaintiff's legal position lacked arguable legal merit. In addition, and for the reasons set forth in the next section of this opinion, plaintiff has failed to demonstrate that the trial court was biased. As a result, the trial court did not abuse its discretion by awarding sanctions in favor of defendant and against plaintiff. See *Bauer-Rowley*, 344 Mich App at 59; *Powers*, 328 Mich App at 620.[2]

## V. JUDICIAL BIAS

Plaintiff also argues that we should remand this case to a different judge, because the trial judge who presided over this case was biased. We disagree. Because we conclude that the trial court properly granted the motion for summary disposition for failure to state a valid claim under the MCPA, remand is not required. Moreover, plaintiff has not demonstrated that the trial judge was biased against it.

"Due process requires that an unbiased and impartial decision-maker hear and decide a case." *Mitchell v Mitchell*, 296 Mich App 513, 523; 823 NW2d 153 (2012). "A trial judge is presumed unbiased, and the party asserting otherwise has the heavy burden of overcoming the presumption." *Id*. According to MCR 2.003(C)(1), disqualification of a judge is warranted for the following reasons:

> (a) The judge is biased or prejudiced for or against a party or attorney.
>
> (b) The judge, based on objective and reasonable perceptions, has either (i) a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v Massey*, 556 US 868; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct.

---

[2] Plaintiff does not challenge the reasonableness of the attorney fees awarded.

(c) The judge has personal knowledge of disputed evidentiary facts concerning the proceeding.

(d) The judge has been consulted or employed as an attorney in the matter in controversy.

(e) The judge was a partner of a party, attorney for a party, or a member of a law firm representing a party within the preceding two years.

(f) The judge knows that he or she, individually or as a fiduciary, or the judge's spouse, parent or child wherever residing, or any other member of the judge's family residing in the judge's household, has more than a de minimis economic interest in the subject matter in controversy that could be substantially impacted by the proceeding.

(g) The judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(*i*) is a party to the proceeding, or an officer, director, or trustee of a party;

(*ii*) is acting as a lawyer in the proceeding;

(*iii*) is known by the judge to have a more than de minimis interest that could be substantially affected by the proceeding;

(*iv*) is to the judge's knowledge likely to be a material witness in the proceeding.


As discussed, we agree with the trial court's grant of summary disposition to defendant, and find no abuse of discretion in the trial court's order of sanctions. Although plaintiff argues that the court erred by not allowing it to respond to the court's determination that the complaint was baseless, plaintiff was permitted to respond to defendant's motion for summary disposition, which asserted that plaintiff failed to plead a valid claim under the MCPA. There was also a hearing concerning plaintiff's motion for reconsideration, at which plaintiff was permitted to argue that his complaint was not without basis. See *Al-Maliki v LaGrant*, 286 Mich App 483, 485-486; 781 NW2d 853 (2009) (stating in a case in which the court "considers an issue sua sponte, due process can be satisfied by affording a party an opportunity for rehearing").

To the extent that plaintiff argues that the trial court erred by denying the disqualification motion, plaintiff has not shown that the trial court was unfairly biased. Plaintiff's allegation of bias begins with the trial court's October 24, 2022 order requiring Leaf to attend the summary disposition hearing in person, while defendant's counsel was permitted to attend remotely. That order stated the following:

In reviewing both the complaint and defendant's motion, it appears that this complaint may be based on a questionable legal theory; and, plaintiff counsel may have a history of filing frivolous claims against defendant. It is also interesting that

plaintiff filed this action in Ottawa County when both plaintiff and defense counsel are based in the southeast area of Michigan. Therefore, the court requires and orders that plaintiff counsel personally appear before the court to argue this motion. Defense counsel may appear by remote technology.

"Disqualification on the basis of bias or prejudice cannot be established merely by repeated rulings against a litigant, even if the rulings are erroneous." *In re MKK*, 286 Mich App 546, 566; 781 NW2d 132 (2009). In addition, "[o]pinions formed by a judge on the basis of facts introduced or events occurring during the course of the current proceedings, or of prior proceedings, do not constitute bias or partiality unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Schellenberg v Rochester Lodge No 2225*, 228 Mich App 20, 39; 577 NW2d 163 (1998). "Likewise, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id*. (quotation marks and citation omitted).

In this case, Leaf chose to file the complaint in the Ottawa Circuit Court, presumably accepting the possibility of having to appear in person before that court; yet he later argued that it was unreasonable for the trial court to require him to drive across the state and appear in person. It is unclear why he chose a venue that he believed was too inconvenient for travel purposes. In any event the trial court allowed Leaf to appear and present argument in response to the motion for summary disposition; the mere fact that only defendant was granted the option to appear remotely does not establish that the converse—a court requiring a litigant to appear in person before it—shows bias, especially in light of the trial court's stated concerns based on events that occurred during prior proceedings. *Id*. Further, plaintiff has not established that any of the court's subsequent rulings against plaintiff were the result of improper bias. See *id*. The trial court did not err by denying the motion for disqualification. See *Olson*, 256 Mich App at 637.

Affirmed.

/s/ Mark T. Boonstra
/s/ Christopher M. Murray
/s/ Thomas C. Cameron